PRESENT:  All the Justices

LEO M. SHELTON

v.    Record No. 060280   OPINION BY JUSTICE BARBARA MILANO KEENAN
                                    June 8, 2007

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF STAFFORD COUNTY
H. Harrison Braxton, Jr., Judge


In this appeal, we consider whether the circuit court erred in denying an inmate's motion to dismiss proceedings initiated against him under the Civil Commitment of Sexually Violent Predators Act, Code §§ 37.2-900 through -920 (the Act).  The inmate argued that his score on a test designed to predict sex offender recidivism fell below the minimum score qualifying an inmate for further evaluation under the Act.  We also consider whether the inmate properly preserved his argument for consideration by this Court.

In May 1995, Leo M. Shelton was convicted in the Circuit Court of the City of Fredericksburg of aggravated sexual battery and of taking indecent liberties with a child.  The circuit court sentenced Shelton for these offenses to a total of 10 years' imprisonment, suspending 9 years of the total sentence.

In June 1995, Shelton was convicted in the Circuit Court of Stafford County (circuit court) of three counts of aggravated sexual battery, two counts of taking indecent liberties with a child, and one count of sexual battery.  For these offenses,

Shelton received a total sentence of 29 years' imprisonment, with 17 years of the total sentence suspended.

Before Shelton's scheduled release from incarceration, the Director of the Department of Corrections notified the Department's Commitment Review Committee (CRC) that Shelton qualified for review under the Act because he had been convicted of a sexually violent offense and had received a score of four or higher on the Rapid Risk Assessment for Sexual Offender Recidivism (RRASOR).[1] See former Code § 37.1-70.4(C) (Cum. Supp. 2004). The CRC referred Shelton's case to the Office of the Attorney General.

After reviewing the CRC's assessment, the Attorney General determined that Shelton qualified as a sexually violent predator under the Act. The Attorney General (the Commonwealth) filed a petition in the circuit court requesting that Shelton be civilly committed pursuant to the Act.

_____

[1] The Act, originally located in Title 37.1, was recodified effective October 1, 2005 in Code §§ 37.2-900 through -920. Further amendments were made to these provisions in 2006 and 2007. However, neither party contends that the reformatting of these provisions has changed the operative terms and concepts that affect the disposition of this appeal. Before Shelton's scheduled release from prison, the predecessor version of Code § 37.2-903 provided that prisoners incarcerated for a sexually violent offense were to be assessed and evaluated based on the RRASOR, a testing instrument used in predicting sex offender recidivism. Under the then-applicable provision, prisoners who received a score of four or more on the RRASOR were to be referred to the CRC for further assessment. See former Code § 37.1-70.4 and former Code § 37.2-903(C) (Interim Supp. 2005). For convenience of reference, the current Code references are used in the remainder of this opinion.

2

At a probable cause hearing in the circuit court, Ronald M. Boggio, Ph.D., a licensed clinical and forensic psychologist, testified on behalf of the Commonwealth. Dr. Boggio stated that the Department of Corrections initially assigned Shelton a score of five on the RRASOR. However, Dr. Boggio determined that this initial scoring contained "some errors," and that Shelton's "actual score" on the RRASOR was two. Shelton raised no objection to the RRASOR score at the probable cause hearing. The circuit court determined that probable cause existed to believe that Shelton was a sexually violent predator as defined in the Act.

Shelton later filed a written motion in the circuit court to dismiss the proceedings. In his motion and at oral argument on the motion immediately before the trial began, Shelton argued that the Commonwealth's petition should be dismissed because Dr. Boggio's testimony at the probable cause hearing established that Shelton's actual RRASOR score was less than four. Shelton contended that, therefore, he should not have been referred for evaluation under the Act as a sexually violent predator. The circuit court denied Shelton's motion.

At trial, Dr. Boggio explained that after the probable cause hearing, he again evaluated Shelton's RRASOR score upon learning that Shelton had committed one of his offenses while released from jail on bond. Dr. Boggio stated that based on

3

this additional information, Shelton should have received a score of three on the RRASOR.

After hearing further evidence at trial, the circuit court concluded that Shelton is a sexually violent predator under the Act because he had been convicted of sexually violent offenses, had been diagnosed with mental and personality disorders, and has difficulty controlling his predatory behavior. The circuit court later considered the issue of appropriate treatment for Shelton, and determined that Shelton should be committed to the custody of the Department of Mental Health, Mental Retardation and Substance Abuse Services for treatment and confinement.

Shelton noted his objection to the circuit court's final order by endorsing the order, "SEEN AND OBJECTED TO," and by noting on the order that "[the] trial court erred in denying [the] motion to dismiss for reasons stated in the motion to dismiss." This appeal followed.

Shelton argues that the circuit court erred in denying his motion to dismiss because the evidence showed that the Department of Corrections assigned him an incorrect score on the RRASOR. According to Shelton, our holding in Miles v. Commonwealth, 272 Va. 302, 634 S.E.2d 330 (2006), is controlling and requires reversal of the circuit court's judgment because Shelton did not receive a correctly computed score of four or

more on the RRASOR before the Commonwealth initiated proceedings against him under the Act.[2]

In response, the Commonwealth argues that Shelton did not adequately preserve this issue for appeal. The Commonwealth contends that because Shelton did not renew his argument made in his motion to dismiss at the conclusion of the Commonwealth's evidence or at any other point during the trial, he waived that argument for purposes of appeal. We disagree with the Commonwealth's argument.

The primary purpose of requiring timely and specific objections is to allow the trial court an opportunity to rule intelligently on the issues presented, thereby avoiding unnecessary appeals and reversals. Nusbaum v. Berlin, 273 Va. 385, 402-03, 641 S.E.2d. 494, 503 (2007); Johnson v. Raviotta, 264 Va. 27, 33, 563 S.E.2d 727, 731 (2002); Morgen Indus., Inc. v. Vaughan, 252 Va. 60, 67, 471 S.E.2d 489, 493 (1996); Weidman v. Babcock, 241 Va. 40, 44, 400 S.E.2d 164, 167 (1991). A specific, contemporaneous objection also provides the opposing party an opportunity to address an issue at a time when the course of the proceedings may be altered in response to the problem presented. Nusbaum, 273 Va. at 406, 641 S.E.2d at 505; Johnson, 264 Va. at 33, 563 S.E.2d at 731; Wright v. Norfolk &

---

[2] Upon rehearing, the Court's opinion in Miles is affirmed by a published order dated this day. Miles v. Commonwealth, 274

<u>W. Ry. Co.</u>, 245 Va. 160, 168, 427 S.E.2d 724, 728 (1993); <u>Weidman</u>, 241 Va. at 44, 400 S.E.2d at 167.  If a party fails to make a timely objection, the objection is waived for purposes of appeal.  <u>Nusbaum</u>, 273 Va. at 406, 641 S.E.2d. at 505; <u>see</u> <u>Juniper v. Commonwealth</u>, 271 Va. 362, 384-88, 626 S.E.2d 383, 398-401, <u>cert. denied</u>, ___ U.S. ___, 127 S.Ct. 397 (2006); <u>Johnson</u>, 264 Va. at 33-34, 563 S.E.2d at 731-32.

Code § 8.01-384(A), which is applicable to the present civil proceeding, provides in relevant part:

> No party, after having made an objection or motion known to the court, shall be required to make such objection or motion again in order to preserve his right to appeal, challenge, or move for reconsideration of, a ruling, order, or action of the court . . . . Arguments made at trial via written pleading, memorandum, [or] recital of objections in a final order . . . shall, unless expressly withdrawn or waived, be deemed preserved therein for assertion on appeal.

In accordance with these statutory provisions, we determine whether Shelton has preserved for appeal his objection raised in his motion to dismiss by considering 1) the content and timing of his objection; and 2) whether he waived his objection by failing to restate it during the trial after the Commonwealth presented Dr. Boggio's testimony.

We hold that, when considered together, Shelton's motion to dismiss and his qualified endorsement of the final order constituted a timely and specific objection to the

---

Va. 1, 645 S.E.2d 924 (2007).

6

Commonwealth's determination that he qualified for evaluation as a sexually violent predator under the Act. Shelton's argument on the motion to dismiss gave the circuit court the opportunity to consider the substance of Shelton's objection and to rule with full knowledge of the reasons underlying his objection. At the time the circuit court rendered its final decision, as reflected in Shelton's endorsement of the final order, the court again was apprised that Shelton maintained his objection to the court's ruling on the motion to dismiss.

In our decisions in several cases, we have rejected arguments asserting a procedural bar under analogous circumstances. Applying Code § 8.01-384(A), we have held that a party's objection to an error is preserved and is not waived when that party notes an objection to a final order after making an earlier objection or written motion permitting the court a timely opportunity to rule on the argument raised. See Chawla v. BurgerBusters, Inc., 255 Va. 616, 621-23, 499 S.E.2d 829, 832-33 (1998)(error preserved by plaintiff's written motion and supporting oral argument when objection noted on circuit court's final order); Stuarts Draft Shopping Ctr., L.P. v. S-D Assocs., 251 Va. 483, 489, 468 S.E.2d 885, 889 (1996)(error preserved when plaintiff stated objections in letter to court before trial and in pretrial motion for summary judgment); Luckett v. Jennings, 246 Va. 303, 306, 435 S.E.2d 400, 401 (1993)(error

7

preserved when party in hearing on demurrer made argument based on memorandum previously filed and later noted objection on circuit court's final order); Weidman, 241 Va. at 44, 400 S.E.2d at 167 (error preserved when plaintiff filed motion to dismiss and motion for reconsideration and made notation on circuit court's final order "SEEN: and *all* exceptions noted") (emphasis in original); see also McMinn v. Rounds, 267 Va. 277, 280-81, 591 S.E.2d 694, 697 (2004); Majorana v. Crown Central Petroleum Corp., 260 Va. 521, 525 n.1, 539 S.E.2d 426, 428 n.1 (2000).

Here, as in the cases cited above, Shelton did not waive his previously stated objection to the circuit court's ruling. In order for a waiver to occur within the meaning of Code § 8.01-384(A), the record must affirmatively show that the party who has asserted an objection has abandoned the objection or has demonstrated by his conduct the intent to abandon that objection. See King v. Commonwealth, 264 Va. 576, 581, 570 S.E.2d 863, 865-66 (2002); Chawla, 255 Va. at 623, 499 S.E.2d at 833.

Contrary to the Commonwealth's contention, Shelton did not stipulate that his original RRASOR score of five was correct. Instead, he merely stipulated that when the Department of Corrections initially "scored" the RRASOR, he "was given a five." Also, Shelton did not abandon his objection, or

demonstrate the intent to abandon that objection, by failing to restate it during trial.

Throughout the proceedings, the circuit court was aware that Shelton's objection was based on the testimony of Dr. Boggio that Shelton's RRASOR score fell below the minimum score required by Code § 37.2-903(C). In his trial testimony, Dr. Boggio confirmed his earlier assessment that Shelton's RRASOR score was below the minimum statutory score authorizing referral of an inmate for evaluation as a sexually violent predator. Moreover, no other witness contradicted Dr. Boggio's testimony that Shelton's RRASOR score was below the minimum score stated in the statute. Thus, the evidence at Shelton's trial did not affect the merit of his earlier argument or result in an effective abandonment of his claim. Accordingly, we hold that Shelton adequately preserved his right to raise this issue on appeal. See Code § 8.01-384(A).

We therefore consider Shelton's argument that the circuit court erred in denying his motion to dismiss. We agree with Shelton that the resolution of this issue is controlled by our decision in Miles. There, we considered the same version of Code § 37.2-903(C) that was in effect when the Commonwealth filed the present petition against Shelton. At that time, Code § 37.2-903(C) provided in relevant part:

9

> [T]he Director shall review the database and identify all such prisoners who are scheduled for release from prison within 10 months from the date of such review who receive a score of four or more on the Rapid Risk Assessment for Sexual Offender Recidivism or a like score on a comparable, scientifically validated instrument designed by the Commissioner. Upon the identification of such prisoners, the Director shall forward their names, their scheduled dates of release, and copies of their files to the CRC for assessment.

We held that the statute required that "an inmate evaluated under the RRASOR receive a correctly computed score of four as a condition precedent before the Commonwealth may initiate proceedings to have the inmate declared a sexually violent predator under the Act." Miles, 272 Va. at 308-09, 634 S.E.2d at 334. We based our holding on our strict construction of the statutory language, as mandated by the rule of lenity that we have applied to the Act's provisions. Id. at 307, 634 S.E.2d at 333; see Townes v. Commonwealth, 269 Va. 234, 240, 609 S.E.2d 1, 4 (2005).

In articulating our decision, we specifically rejected the Commonwealth's argument that an inmate's RRASOR score is a mere procedural screening device, rather than a statutory requirement for further proceedings under the Act. We held that because the applicable version of the statute was wholly silent regarding the Commonwealth's authority to initiate proceedings under the Act against inmates who received a correctly computed RRASOR score of less than four, we were not permitted construe the

10

statute to imply such authority.[3]  Id. at 307-08, 634 S.E.2d at 334.

Based on our decision in Miles, we hold that the circuit court erred in denying Shelton's motion to dismiss.  The version of Code § 37.2-903(C) in effect when the present petition was filed did not authorize the Commonwealth to proceed further under the Act because the undisputed evidence showed that Shelton's correctly computed RRASOR score was lower than the minimum score required by the statute.[4]

For these reasons, we will reverse the circuit court's judgment and dismiss the Commonwealth's petition with prejudice.

Reversed and dismissed.

JUSTICE KINSER, with whom JUSTICE LEMONS joins, concurring.

For the reasons stated in my concurring opinion in Miles v. Commonwealth, 274 Va. 1, 1-2, 645 S.E.2d 924, 924-25 (2007) (this day decided), I respectfully concur in only the result reached by the majority.  Once again, the Commonwealth's own

---

[3] Several amendments have been made to the Act, effective July 1, 2007.  Among those amendments is the addition of Code § 37.2-905.1, which states that the provisions of Code § 37.2-903 are procedural, not jurisdictional, and that "[a]bsent a showing of failure to follow [the provisions of § 37.2-903] as a result of gross negligence or willful misconduct, it shall be presumed that there has been substantial compliance with these provisions."  See 2007 Acts ch. 876.

[4] Based on our holding, we do not reach Shelton's remaining assignments of error.

expert witness testified that the inmate's initial score on the Rapid Risk Assessment for Sexual Offender Recidivism that prompted further proceedings under the Sexually Violent Predators Act was inaccurate and less than the required score of four.  See former Code § 37.2-903(C).