**VIRGINIA:**

In the Supreme Court of Virginia held at the Supreme Court Building in the City of Richmond, on Friday, the 8th day of June, 2007.


Ellis Lorenzo Miles,                                    Appellant,

    against         Record No. 052568
                  Circuit Court No. LS-1979-1

Commonwealth of Virginia,                              Appellee.


Upon a Petition for Rehearing

By order entered on November 28, 2006, this Court awarded the Commonwealth a rehearing pursuant to the provisions of Rule 5:39(e). Upon consideration of the record, the briefs originally filed by the parties, the petition for rehearing filed by the Commonwealth, and the argument of the parties, the Court concludes that the judgment of this Court and opinion issued on September 15, 2006 should not be set aside and should stand as issued. Accordingly, the judgment appealed from is reversed and the Commonwealth's petition filed pursuant to former Code § 37.1-70.6 is dismissed with prejudice.

This order shall be published in the Virginia Reports and shall be certified to the Circuit Court of the City of Richmond.

_____

JUSTICE KINSER, with whom JUSTICE LEMONS joins, concurring.

While I agree with the majority that the Court arrived at the proper result in its decision in Miles v. Commonwealth, 272

Va. 302, 634 S.E.2d 330 (2006), I write separately because, in my view, the rationale underlying that opinion is overbroad and unnecessary to dispose of the issues presented in this case.

The Commonwealth's own witness, Dr. Christine A. Nogues, testified that Ellis Lorenzo Miles' score on the Rapid Risk Assessment for Sex Offender Recidivism (RRASOR) was inaccurately calculated as four instead of three. At oral argument before this Court, the Commonwealth conceded that, if Miles had initially received a score of three on the RRASOR, the Commonwealth would not have forwarded his name to the Commitment Review Committee pursuant to former Code § 37.2-903(C) and would not have initiated any further proceedings under the Sexually Violent Predators Act (the Act), against Miles.

Since Miles has a substantial liberty interest at stake, see Townes v. Commonwealth, 269 Va. 234, 240, 609 S.E.2d 1, 4 (2005), in my view, the Commonwealth should not be allowed to proceed with its petition to have Miles declared a sexually violent predator under the Act when its own expert witness admitted the initial scoring that caused Miles name to be forwarded to the Commitment Review Committee for further assessment was inaccurate. That reason alone requires dismissal of the Commonwealth's petition. Thus, it is not necessary for the majority to decide whether a "correctly computed score" is a "condition precedent" to initiating proceedings under the Act to have an inmate declared a sexually violent predator. The

2

majority's rationale will encourage a battle between expert witnesses with regard to whether an inmate received "a correctly computed score" and in turn, whether proceedings under the Act should ever have been commenced against a particular inmate. "An appellate court decides cases 'on the best and narrowest ground available.' " Luginbyhl v. Commonwealth, 48 Va. App. 58, 64, 628 S.E.2d 74, 77 (2006) (quoting Air Courier Conference v. American Postal Workers Union, 498 U.S. 517, 531 (1991) (Stevens, J., concurring)).

For these reasons, I respectfully concur.

A Copy,

Teste:

Patricia L. Harrington, Clerk