COURT OF APPEALS OF VIRGINIA


Present: Judges Frank, Humphreys and Petty
Argued at Richmond, Virginia


MELVIN NATHANIEL HATCHER

MEMORANDUM OPINION* BY
v.        Record No. 0317-09-2        JUDGE ROBERT P. FRANK
                                       FEBRUARY 23, 2010

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF MECKLENBURG COUNTY
Leslie M. Osborn, Judge

Andrew J. Adams, Assistant Public Defender (Office of the Public
Defender, on brief), for appellant.

Jennifer C. Williamson, Assistant Attorney General (William C.
Mims, Attorney General, on brief), for appellee.


Melvin Nathaniel Hatcher, appellant, was convicted, in a bench trial, of grand larceny, in

violation of Code § 18.2-95. On appeal, he challenges the sufficiency of the evidence only as to

the value of the item stolen, contending the evidence did not prove the item stolen was valued at

$200 or more. He also asserts the trial court erred in admitting the testimony of two witnesses as

to the value. For the reasons stated, we affirm the trial court.

BACKGROUND

M.B. owned a pressure washer that he had inherited from his recently deceased

grandfather. When he received it, the washer was "brand new" and was still in the original box.

M.B. had only used the washer for a couple of hours prior to the theft. He had damaged the

washer's hose but repaired the damage with an insert and "C" clamps. M.B. testified that the

washer was still new and "worked fine."

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

When M.B. was asked the value, appellant objected because the Commonwealth had not laid a foundation to establish the source of M.B.'s knowledge.

M.B. testified he worked in construction and had previously used pressure washers. He was familiar with the value of a pressure washer. He then testified, without objection, that the value of the stolen washer was "well over $200." Additionally, M.B. later testified that given his line of work, he regularly looked at and priced all types of tools at Home Depot.

Sometime in late June 2007, M.B. determined the power washer had been stolen from outside his residence.

S.H., a clerk at a pawnshop in Chase City, testified that on June 22, 2007 appellant and another male entered her store with a pressure washer to pawn. She characterized the washer as essentially brand new, perhaps a month old. It had "never been used once, if that." S.H. did notice the damaged hose but indicated the washer worked "just fine."

When the Commonwealth asked S.H. how she would arrive at a value, appellant objected on relevancy and hearsay grounds, contending any value based on outside research would be hearsay. The trial court allowed S.H.'s testimony.

S.H. then testified she searched the internet through Home Depot and Shopzilla[1] to determine a price range. S.H. determined the value of the pressure washer to be about $260 and pursuant to company policy, offered appellant $70, which represented approximately one-quarter of its value.

The trial court was satisfied that the value of the stolen item was at least $200 and found appellant guilty of grand larceny.

This appeal followed.

---

[1] Shopzilla is an online shopping network. It delivers search results for products and services offered by third-party merchants, including descriptions and prices. See www.shopzilla.com (last visited January 25, 2010).

<u>ANALYSIS</u>

On appeal, appellant contends the trial court erred in allowing the testimony of M.B., the owner, and S.H., the pawnshop clerk, as to value. Appellant also challenges the sufficiency of the evidence, maintaining the evidence did not prove that the value of the pressure washer was $200 or greater.

"The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion." <u>Blain v. Commonwealth</u>, 7 Va. App. 10, 16, 371 S.E.2d 838, 842 (1988). Furthermore, when considering a challenge that the evidence presented at trial is insufficient, we "presume the judgment of the trial court to be correct" and reverse only if the trial court's decision is "plainly wrong or without evidence to support it." <u>Davis v. Commonwealth</u>, 39 Va. App. 96, 99, 570 S.E.2d 875, 876-77 (2002).

Appellant contends that only expert testimony was admissible in order to establish the value of the stolen pressure washer. However, appellant did not make this argument at trial. Under Rule 5A:18, "no ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling." Thus, this argument is waived and we will not consider it.

Appellant further argues the victim's testimony was inadmissible, because M.B. had no knowledge of value as he did not buy the washer and only knew the value from using similar equipment and shopping at Home Depot. Therefore, he concludes the victim's testimony was irrelevant and thus inadmissible.

This argument is waived as well. Appellant objected to the victim's initial testimony, arguing there was no foundation as to the source of the victim's knowledge. Thereafter, the

Commonwealth laid a proper foundation, and the testimony was admitted. Appellant made no further objection.

Appellant further contends the trial court erred in admitting the valuation testimony of the pawnshop clerk because she was not qualified as an expert witness. However, appellant made no objection at the time the clerk testified as to the value of the pressure washer. "To be timely, an objection to the admissibility of evidence must be made when the occasion arises – that is, when the evidence is offered, the statement made or the rulings given." Harward v. Commonwealth, 5 Va. App. 468, 473, 364 S.E.2d 511, 513 (1988). Appellant's failure to object to the testimony at the time it was offered violates the contemporaneous objection rule contained in Rule 5A:18.

> The primary purpose of requiring timely and specific objections is to allow the trial court an opportunity to rule intelligently on the issues presented, thereby avoiding unnecessary appeals and reversals. A specific, contemporaneous objection also provides the opposing party an opportunity to address an issue at a time when the course of the proceedings may be altered in response to the problem presented. If a party fails to make a timely objection, the objection is waived for purposes of appeal.

Shelton v. Commonwealth, 274 Va. 121, 126, 645 S.E.2d 914, 916 (2007) (citations omitted).

Therefore, under Rule 5A:18, appellant's objection was waived and his argument regarding the necessity of expert testimony is defaulted.

Appellant further argues the clerk's testimony of value was based on inadmissible hearsay, where she relied on information obtained from her online research, i.e. information obtained from third parties, when the original source was not admitted into evidence. Assuming without deciding that the trial court erred in allowing this testimony, such error is harmless, because the victim's testimony established the requisite value.

In Kotteakos v. United States, 328 U.S. 750 (1946), the Supreme Court adopted the test to be applied in determining if nonconstitutional error is harmless. The test is as follows:

>If, when all is said and done, the conviction is sure that the error did not influence the jury, or had but very slight effect, the verdict and the judgment should stand . . . . But if one cannot say, with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error, it is impossible to conclude that substantial rights were not affected. . . . If so, or if one is left in grave doubt, the conviction cannot stand.

Id. at 764-65 (citation omitted).

Applying the Kotteakos harmless error test, we can say, "with fair assurance, after pondering all that happened without stripping the erroneous action from the whole," that it plainly appears appellant had a fair trial. Id. at 765. The verdict was not affected by the clerk's testimony, because the victim had already established the requisite value. Therefore, we hold that any error is harmless.

Finally, appellant challenges the sufficiency of the evidence, as to value only. He does not dispute he was the perpetrator.

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth granting to it all reasonable inferences fairly deducible therefrom.'" Archer v. Commonwealth, 26 Va. App. 1, 9-10, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987)). "[W]e presume the judgment of the trial court to be correct," Broom v. Broom, 15 Va. App. 497, 504, 425 S.E.2d 90, 94 (1992), and "will not set it aside unless it is plainly wrong or without evidence to support it," Dodge v. Dodge, 2 Va. App. 238, 242, 343 S.E.2d 363, 365 (1986).

When considering a challenge that the evidence presented at trial is insufficient, we "presume the judgment of the trial court to be correct" and reverse only if the trial court's decision is "plainly wrong or without evidence to support it." Davis v. Commonwealth, 39 Va. App. 96, 99, 570 S.E.2d 875, 876-77 (2002). We do not "substitute our judgment for that of the trier of fact." Wactor v. Commonwealth, 38 Va. App. 375, 380, 564 S.E.2d 160, 162 (2002).

"Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Id.

To convict appellant of grand larceny, the Commonwealth was required to prove the property he unlawfully took was valued at $200 or more. Code § 18.2-95(ii). The relevant value is the "current value" of the stolen items, Dunn v. Commonwealth, 222 Va. 704, 705, 284 S.E.2d 792, 792 (1981) (*per curiam*), "measured as of the time of the theft," Parker v. Commonwealth, 254 Va. 118, 121, 489 S.E.2d 482, 483 (1997).

M.B. testified he had inherited the Coleman pressure washer from his grandfather, it was "brand new," and he "took it out of the box [himself]." He also stated he had used the pressure washer for only a couple of hours and he had to repair a hose on it, but that it worked fine thereafter and "was still brand new." M.B. testified he was familiar with the value of pressure washers because he was in construction work and "sometimes you pressure wash houses and stuff," and he had "been around that kind of stuff." M.B. also testified he frequently looked at and priced tools at Home Depot. Based on his experience, the victim estimated the pressure washer was worth "well over $200."

The victim was the owner of the property and was thus competent to state his opinion concerning the value of the pressure washer. See Walls v. Commonwealth, 248 Va. 480, 482, 450 S.E.2d 363, 364 (1994). Any argument that the victim lacked knowledge of the value went to the weight that the trial court gave the victim's testimony and not its admissibility. See Kern v. Commonwealth, 2 Va. App. 84, 86, 341 S.E.2d 397, 399 (1986).

The trial court accepted the value evidence from the victim. "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995).

CONCLUSION

The testimony of the victim was sufficient to prove beyond a reasonable doubt that the value of the stolen pressure washer was at least $200 and that appellant was guilty of grand larceny. We therefore affirm the judgment of the trial court.

Affirmed.