PRESENT:  All the Justices

JEFFREY RHOTEN,
a/k/a JEFFREY RHOTON

OPINION BY
v.      Record No. 130456          JUSTICE S. BERNARD GOODWYN
                                        October 31, 2013

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Harold W. Burgess, Jr., Judge

In this appeal, we consider whether res judicata prohibits
an individual, determined in a prior proceeding not to be a
sexually violent predator pursuant to the Civil Commitment of
Sexually Violent Predators Act, Code §§ 37.2-900 et seq. (SVPA
or the Act), from being subjected to reevaluation and
redetermination of his status as a sexually violent predator at
the conclusion of a subsequent period of reincarceration for
the same sex offenses.

Background

On June 15, 1989, Jeffrey Paul Rhoten (Rhoten) was
convicted in the Circuit Court of Chesterfield County of
aggravated sexual battery and attempting to commit forcible
sodomy.  The circuit court sentenced him to twenty years'
imprisonment with five years suspended for the sexual battery
charge and ten years' imprisonment with ten years suspended for
the attempted forcible sodomy charge.  He was released from
custody in 1997 but was reincarcerated almost two years later

due to parole violations.  Before Rhoten's next scheduled release, the Commonwealth filed a petition to civilly commit Rhoten pursuant to the Act.  On April 14, 2005, the circuit court found that the Commonwealth had failed to meet its burden of proof that Rhoten was a sexually violent predator and ordered that Rhoten be released from custody (2005 proceeding).  The Commonwealth appealed, and this Court dismissed its appeal on March 24, 2006.

In 2008, Rhoten was found guilty of violating his parole and was reincarcerated for his 1989 sexual offenses.  Prior to his scheduled release from incarceration, pursuant to the Act, the Commonwealth filed a second petition on March 25, 2011 to civilly commit Rhoten as a sexually violent predator (2011 petition).  In response, Rhoten filed a motion to dismiss the 2011 petition, arguing that it was barred by res judicata because the circuit court had found that Rhoten was not a sexually violent predator in 2005.

After hearing oral arguments on Rhoten's motion to dismiss on September 30, 2011, the court denied the motion.  Rhoten noted his objection on the court order.

Rhoten "waive[d] the formal presentation of the evidence" at trial and agreed "[t]hat the [Commonwealth's] evidence would be sufficient to prove, by clear and convincing evidence, that [he] is a sexually violent predator, as defined in the Act."

2

Rhoten also stipulated "that the case [was] in a procedural posture that [was] ripe and appropriate for adjudication" and "[t]hat the [Commonwealth's] Petition was properly and timely filed."

The circuit court found that Rhoten was a sexually violent predator and ordered that he be committed to the custody of the Department of Behavioral Health and Developmental Services after determining that Rhoten did not qualify for conditional release. Rhoten objected to the final order of the circuit court because of the court's failure to grant his res judicata-based motion to dismiss. Rhoten appeals, claiming that the circuit court erred in failing to find that the Commonwealth's action was barred by res judicata.

Analysis

Rhoten argues that the circuit court erred in denying his motion to dismiss the Commonwealth's 2011 petition. Because the circuit court found he was not a sexually violent predator in the 2005 proceeding and because he has not committed any new sexually violent offenses since 1989, Rhoten maintains that the 2011 petition was barred by res judicata. Rhoten asserts that although he believes Rule 1:6 governs the res judicata issue in this case, the Commonwealth's 2011 petition would be barred under former res judicata law as well.

Initially, the Commonwealth argues that Rhoten waived his res judicata argument by stipulating that he is a sexually violent predator, that the 2011 petition was "properly and timely filed" and that the 2011 petition was "appropriate for adjudication."  On the merits of Rhoten's appeal, the Commonwealth argues that when it filed the 2011 petition, Rhoten was serving time in prison for his 1989 sexual offenses, and the resulting civil commitment proceeding was to determine his status at that time.  It argues Rhoten's status in 2011 as a sexually violent predator could not have been determined in the 2005 proceeding.  Additionally, the Commonwealth disagrees with Rhoten as to the application of Rule 1:6 to this case because the 2005 proceeding was commenced before July 1, 2006.

The question whether res judicata applies so as to bar relitigation of a claim is an issue of law this Court reviews de novo.  <u>Caperton v. A.T. Massey Coal Co.</u>, 285 Va. 537, 548, 740 S.E.2d 1, 7 (2013).  Before considering the merits, we must address the Commonwealth's contention that Rhoten waived his objection to the circuit court's ruling on his res judicata argument.  Rule 5:25 demands that a party object at the time of the lower court's ruling in order to preserve an issue for appeal.  This Court has stated that "[t]he purpose of requiring timely specific objections is to afford a trial court the opportunity to rule intelligently on the issues presented,

4

thereby avoiding unnecessary appeals and reversals." Chawla v. BurgerBusters, Inc., 255 Va. 616, 622, 499 S.E.2d 829, 832 (1998).

Code § 8.01-384(A) controls the interpretation of Rule 5:25. Helms v. Manspile, 277 Va. 1, 7, 671 S.E.2d 127, 130 (2009). According to subsection (A), once a party has made the court aware of an argument, repeated objections or motions to preserve the argument for appeal are unnecessary. Code § 8.01-384(A) further provides that "[a]rguments made at trial via written pleading, . . . recital of objections in a final order [or] oral argument reduced to transcript . . . shall, unless expressly withdrawn or waived, be deemed preserved therein for assertion on appeal."

Once a party has preserved an argument for appeal, to waive the argument under Code § 8.01-384(A), the party must abandon it or show intent to abandon by the party's conduct. Helms, 277 Va. at 6, 671 S.E.2d at 129. There must be "clear and unmistakable proof" of the intent to waive the argument before we will find implied waiver. Chawla, 255 Va. at 623, 499 S.E.2d at 833.

We have held that a party's affirmative statement can serve as an abandonment of that party's objection at trial. See Graham v. Cook, 278 Va. 233, 248, 682 S.E.2d 535, 543 (2009) (party's statement, "I don't have a problem with that,"

indicated party no longer objected to admission of testimony). However, endorsing a pretrial order as "seen and agreed" after having previously filed a memorandum of law and orally argued the contrary position does not evince intent to abandon. Chawla, 255 Va. at 622, 499 S.E.2d at 832; see also Cashion v. Smith, ___ Va. ___, ___ S.E.2d ___ (2013) (this day decided).

This Court determined in Shelton v. Commonwealth, 274 Va. 121, 128, 645 S.E.2d 914, 917 (2007), that a stipulation did not constitute abandonment. There, the defendant filed a motion to dismiss and orally argued that the Commonwealth's petition to civilly commit him under the SVPA should be dismissed because his initial score on the applicable risk assessment test was incorrect. Id. at 125, 645 S.E.2d at 915. After the circuit court denied his motion, the defendant noted his objection on the court's final order. Id. at 125, 645 S.E.2d at 916. Although he stipulated to receiving a qualifying score, he did not stipulate to the score's accuracy, which was the precise issue on appeal. Id. at 128, 645 S.E.2d at 917 ("[T]he evidence at [the defendant's] trial did not affect the merit of his earlier argument or result in an effective abandonment of his claim.").

Rhoten properly preserved the res judicata issue for appeal in the present case with his motion to dismiss, his oral arguments before the circuit court, his objection to the court

6

order denying his motion and his stated objection on the final order. The circuit court had the opportunity to rule intelligently on the issue of res judicata after Rhoten made the court aware of his argument.

Rhoten's agreement to stipulations that streamlined the trial on the 2011 petition, after his motion to dismiss the petition was denied, do not clearly and unmistakably demonstrate an intent to abandon his claim of res judicata. Therefore, we hold that his stipulations did not affect the earlier preservation of his argument and that Rhoten did not waive his res judicata argument in the circuit court. We now turn to the merits of this appeal.

The SVPA ensures that those who have been convicted of sexually violent offenses are evaluated before being released into society when their period of incarceration is over. Cf. Shivaee v. Commonwealth, 270 Va. 112, 120, 613 S.E.2d 570, 574 (2005) ("[A] State may 'in certain narrow circumstances provide[] for the forcible civil detainment of people who are unable to control their behavior and who thereby pose a danger to the public health and safety.'") (quoting Kansas v. Hendricks, 521 U.S. 346, 357 (1997)). To that end, the Act charges the Director of the Department of Corrections with maintaining a database of prisoners incarcerated for sexually violent offenses. Code § 37.2-903(A). Every month, the

7

Director must review the database to identify prisoners incarcerated for sexually violent offenses who are scheduled for release in the following ten months. Code § 37.2-903(B). Such prisoners must undergo an initial mental health screening to determine whether they "may meet the definition of a sexually violent predator" under the Act. Code §§ 37.2-903(B) and (C).

The Act defines a "sexually violent predator" as "any person who (i) has been convicted of a sexually violent offense . . . and (ii) because of a mental abnormality or personality disorder, finds it difficult to control his predatory behavior, which makes him likely to engage in sexually violent acts." Code § 37.2-900. Those who meet a certain threshold upon screening are assessed further by a mental health evaluation. Code §§ 37.2-903(E) and -904. The Commitment Review Committee reviews the evaluation and, depending on the results, recommends to the Attorney General that the prisoner be committed, put in conditional release or not be committed. Code §§ 37.2-904(B) and (C). Information is forwarded to the Attorney General to enable the Commonwealth to petition for the prisoner's civil commitment pursuant to the Act if the Attorney General so chooses. Code §§ 37.2-904(C) and -905(A).

The parties disagree about the appropriate res judicata standard to be applied in this case. However, under either

8

standard the result is the same because the 2011 petition was not based upon the same transaction as the 2005 proceeding and did not require the same evidence.

The current governing law of res judicata in the Commonwealth is Rule 1:6.  Raley v. Haider, 286 Va. 164, 170, ___ S.E.2d ___, ___ (2013).  The rule states:

> A party whose claim for relief arising from
> identified conduct, a transaction, or an occurrence,
> is decided on the merits by a final judgment, shall
> be forever barred from prosecuting any second or
> subsequent civil action against the same opposing
> party or parties on any claim or cause of action that
> arises from that same conduct, transaction or
> occurrence . . . .

Rule 1:6(a).  This rule applies to "judgments entered in civil actions commenced after July 1, 2006."  Rule 1:6(b).

This Court's res judicata jurisprudence prior to the enactment of Rule 1:6 required four elements before res judicata would bar a claim: "(1) identity of the remedies sought; (2) identity of the cause of action; (3) identity of the parties; and (4) identity of the quality of the persons for or against whom the claim is made."  Caperton, 285 Va. at 549, 740 S.E.2d at 7 (quoting Smith v. Ware, 244 Va. 374, 376, 421 S.E.2d 444, 445 (1992)).  To establish identity of cause of action, a party formerly had to show that the prior and subsequent claims required the same evidence.  Davis v. Marshall Homes, Inc., 265 Va. 159, 168, 576 S.E.2d 504, 508

9

(2003). By contrast, Rule 1:6 explicitly does not rely on a showing of the same evidence or elements to establish res judicata. Rule 1:6(a) ("regardless of the legal elements or the evidence upon which any claims in the prior proceeding depended"); see also Martin-Bangura v. Commonwealth Dep't of Mental Health, 640 F. Supp. 2d 729, 738 (E.D. Va. 2009) (Virginia's "transactional" test under Rule 1:6 replaced the prior "same evidence" test).

In support of his res judicata argument, Rhoten focuses almost exclusively on the fact that he committed no new sexually violent offense between the 2005 proceeding and 2011 petition. We note that evaluation is triggered under the Act by incarceration for a sexually violent offense and impending release from incarceration, not by conviction of a new sexually violent offense. See Code § 37.2-903(B) ("Each month, the Director shall review the database and identify all such prisoners who are scheduled for release from prison within 10 months.").

When the Commonwealth filed its 2011 petition, Rhoten was serving time for a sexually violent offense. See Townes v. Commonwealth, 269 Va. 234, 240-41, 609 S.E.2d 1, 4 (2005) ("[A] prisoner must be serving an active sentence for a sexually violent offense . . . at the time he is identified as being subject to the SVPA."). To civilly commit Rhoten, the

Commonwealth had to prove by clear and convincing evidence not only that Rhoten has been convicted and incarcerated because of a sexually violent offense, but also that he suffers from a "mental abnormality or personality disorder" that makes it difficult to control his "predatory behavior."  Code §§ 37.2-900 and -908(C).  The statutory language necessitates an evaluation of the prisoner's current mental health status.  See Code §§ 37.2-900 ("finds it difficult to control . . . which makes him likely to engage") (emphasis added); -908(C) ("The court or jury shall determine whether, by clear and convincing evidence, the respondent is a sexually violent predator.") (emphasis added).  Regarding both the 2005 proceeding and the 2011 petition, Rhoten's mental health evaluations assessed his condition and risk of future predatory behavior as of the time of evaluation.  See Code § 37.2-907; see also Code § 37.2-904(B) ("The licensed psychiatrist or licensed clinical psychologist shall determine whether the prisoner or defendant is a sexually violent predator, as defined in § 37.2-900.") (emphasis added).[*]

We agree with the Commonwealth that the Act assumes the mental health of a sexually violent offender may change over

---

[*] Rhoten stipulated that the Commonwealth's evidence was sufficient to prove by clear and convincing evidence that he was, at the time of the ruling presently on appeal, a sexually violent predator as defined in the Act.

time.  See, e.g., Code §§ 37.2-910(A), (B) and (D) (outlining a process for reevaluation after commitment and requiring release if a court "finds, based upon the report and other evidence provided at the hearing, that the respondent is no longer a sexually violent predator").  As the Commonwealth correctly points out, Rhoten's mental health condition in 2011 could not have been litigated in the 2005 proceeding.

The 2011 petition arose as a result of Rhoten's impending release from custody after a new term of incarceration for a sexually violent offense and concerned Rhoten's mental health status in 2011.  The 2011 petition was not dependent upon the same evidence as the 2005 proceeding, nor did the 2011 petition arise from the same conduct, transaction or occurrence.  Therefore, application of res judicata is inappropriate.  See Rule 1:6; Bates v. Devers, 214 Va. 667, 670-71, 202 S.E.2d 917, 920-21 (1974) ("A valid, personal judgment on the merits in favor of defendant bars relitigation of the same cause of action, or any part thereof which could have been litigated, between the same parties and their privies.") (footnote omitted).  The 2011 petition was not barred by res judicata.

Therefore, we hold the circuit court did not err in denying Rhoten's motion to dismiss.  Accordingly, the judgment of the circuit court will be affirmed.

Affirmed.

12