UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Beales, Ortiz and Chaney
Argued by videoconference

PHOEBE DACHA

MEMORANDUM OPINION[*] BY
v.      Record No. 1044-24-2          JUDGE VERNIDA R. CHANEY
OCTOBER 14, 2025

HENRICO DEPARTMENT OF SOCIAL SERVICES

FROM THE CIRCUIT COURT OF HENRICO COUNTY
Richard S. Wallerstein, Jr., Judge

Phoebe Dacha, *pro se*.

(Allison L. Bridges, Assistant County Attorney; Paris Veillard,
Guardian ad litem for the infant child, on brief), for appellee.
Appellee and Guardian ad litem submitting on brief.


Appellant Phoebe Dacha challenges the Henrico Circuit Court's dismissal of her de novo

appeal from an order of the Henrico Juvenile and Domestic Relations District Court on the

ground that it was untimely. This Court reverses and remands for further proceedings.[1]

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] Dacha requested an expedited hearing and to amend the child protective order. We
granted Dacha's expedited hearing motion and held an expedited hearing on October 7, 2025 to
avoid further delay in this case. We hope that the circuit court likewise, on remand, holds a
hearing on the merits expeditiously.
Because amending the child protective order requires findings of fact that we cannot
make, we deny that portion of her request. *See Reed v. Commonwealth*, 85 Va. App. 196, 217
(2025) ("As a 'court[] of review, not first view . . . we do not put ourselves in the shoes of a trial
judge.'" (alterations in original) (quoting *Commonwealth v. Holland*, ___ Va. ___, ___ (Jan. 16,
2025))).

BACKGROUND[2]

On April 24, 2024, the JDR court adjudicated Phoebe Dacha's child to have been abused or neglected. The court entered final orders to that effect, including a final dispositional order, an adjudicatory order for abuse or neglect cases, and a child protective order—abuse and neglect.[3] On May 6, 2024, Dacha's mother, Mary Okwiri, brought a document to the clerk's office for filing on Dacha's behalf because Dacha was unable to get to the courthouse. The four-page document consisted of a standard court form titled "Miscellaneous Motion" that Dacha typed out[4] and Okwiri signed.[5] This motion included the style of the case, case type, case number, the date of the JDR hearing (April 24, 2024—the same date as the final orders), Dacha's typewritten name in the field labeled "requested by," and characterized the motion as an "Appeal to Circuit Court." The motion further stated, "see attached Notice of appeal for detailed filing."

The next page contained a document styled "NOTICE OF APPEAL," which was signed by Dacha and identifies both the style and number of the case appealed. It asks the circuit court to "[p]lease take notice that Phoebe Dacha, appellant herein, appeals to the Henrico County Circuit Court from the final judgment entered on April 24th, 2024 by the Henrico County [JDR]." The

---

[2] On appeal, "the evidence is viewed in the light most favorable to the prevailing party below and its evidence is afforded all reasonable inferences fairly deducible therefrom." *Logan v. Fairfax County Dep't of Human Dev.*, 13 Va. App. 123, 128 (1991).

[3] "Although parts of the record are sealed, this appeal requires unsealing certain portions to resolve the issues raised by [Dacha]. To the extent that certain facts are found in the sealed portions of the record, we unseal those portions only as to those specific facts mentioned in this opinion." *Khine v. Commonwealth*, 75 Va. App. 435, 442 n.1 (2022). "The rest remains sealed." *Id.*

[4] At oral argument before this Court, Dacha represented that she, not her mother, filled out the typewritten portions of the miscellaneous motion and believed that her mother only signed the motion while at the clerk's office because she was told that she needed to do so in order to file the motion.

[5] Dacha also filed a subsequent notice of appeal on May 10, 2024.

document also states that "I, Phoebe Dacha, hereby submit this appeal based on the record in the lower court, case number [redacted] which was incorrectly decided on April 24, 2024." It includes a certificate of service, separately signed by Dacha, "certify[ing] that on May 6, 2024, I have served a true and correct copy of this Notice of Appeal on all parties or their counsel of record via electronic service." No one has contested the effectiveness of this service.

The circuit court heard argument on the Department's "Motion for Ruling" on May 28, 2024. The Department argued that Dacha filed her notice of appeal on May 10, 2024, but failed to "properly [per]fect the appeal, because she did not note the appeal and sign that Notice of Appeal within the ten days as required by statute," thus depriving the circuit court of jurisdiction. The Department then mentioned the May 6, 2024 filing for the first time, pointing out that Dacha's mother signed the miscellaneous motion and that "no Notice of Appeal Form DC 581 was generated on that date, either, and signed by Ms. Dacha." The Department did not mention Dacha's signature on the last page of the four-page document or her signed certificate of service.

The trial judge questioned Dacha about the miscellaneous motion. The circuit court sua sponte entered Page 1 of the miscellaneous motion into evidence as Exhibit 1. However, the circuit court did not mention the remaining three pages of the document and omitted them from Exhibit 1, despite them having been transmitted to the circuit court as part of the JDR court record and filed again with the court as part of Dacha's opposition to the Department's motion. The circuit court's inquiry focused in large part on whether Dacha had given her mother a power of attorney, which she had not. Asked by the circuit court whether she had anything else to add, Dacha asserted that her mother "did bring the paperwork at the appropriate time on May 6th. And there isn't anything in, um, that's written in law that prohibits that."

The circuit court dismissed Dacha's appeal as untimely by a final order entered on May 28, 2024. The circuit court also denied Dacha's June 5, 2024 "Motion for Rehearing," holding that it

"was without jurisdiction to consider her appeal and continues to be without jurisdiction to consider [her] Motion for Rehearing." Dacha appeals, arguing that the circuit court erred in not accepting her May 6, 2024 filing as a valid notice of appeal. We agree.[6]

## ANALYSIS[7]

"From any final order or judgment of the juvenile court affecting the rights or interests of any person coming within its jurisdiction, an appeal may be taken to the circuit court within 10 days from the entry of a final judgment, order, or conviction and shall be heard de novo." Code § 16.1-296(A). The JDR order appealed from below was entered on April 24, 2024. Thus, Dacha's notice of appeal was due by Monday, May 6, 2024.[8] Dacha's notice of appeal was filed the day it was due.[9]

"A litigant who seeks to appeal a judgment . . . must file a notice of appeal. As its name indicates, 'the purpose of the notice of appeal is merely to place the opposing party on notice and to direct the clerk to prepare the record on appeal." *Nicholson v. Commonwealth*, 300 Va. 17, 22

---

[6] Given our ruling, we do not address Dacha's remaining arguments that extenuating circumstances related to her son's health justified filing a late notice of appeal.

[7] The Department has moved to dismiss Dacha's appeal, citing deficiencies in her briefing. We acknowledge that there are deficiencies in Dacha's briefing. And "we in no way condone an appellant's failure to comply with" any rule of court. *Jay v. Commonwealth*, 275 Va. 510, 520 (2008). However, the Supreme Court of Virginia has stated that this Court "should . . . consider whether any failure to strictly adhere to the requirements of [court] Rule[s] . . . is insignificant, thus allowing the court to address the merits of a question presented." *Id.* We do not find the deficiencies noted by the Department—which do not address this Court's jurisdiction—significant enough to warrant dismissal of the appeal. Accordingly, the Department's motion to dismiss is denied.

[8] May 4, 2024, ten days after the JDR court's final order, was a Saturday. *See* Code § 1-210 ("When the last day for performing an act during the course of a judicial proceeding falls on a Saturday, Sunday, legal holiday . . . the act may be performed on the next day that is not a Saturday, Sunday, [or] legal holiday.").

[9] Because we find that the May 6 filing invoked the circuit court's jurisdiction, we need not address the effectiveness of Dacha's May 10 filing. To the extent that the circuit court relied on the May 10 filing rather than May 6 filing, this was error.

- 4 -

(2021) (quoting *LaCava v. Commonwealth*, 283 Va. 465, 469 n.* (2012)). "In order to confer active jurisdiction on an appellate court, a notice of appeal must be timely, and it must 'adequately identif[y] the case to be appealed.'" *Id.* (alteration in original) (quoting *Roberson v. Commonwealth*, 279 Va. 396, 407 (2010)).

The miscellaneous motion contained Dacha's signed notice of appeal. Additionally, the miscellaneous motion had Dacha's typewritten full name in the "requested by" field. That notice of appeal correctly identified the case being appealed and put the JDR court clerk and the Department on notice of her appeal. Dacha was not required to deliver the notice of appeal personally. *Cf.* Rule 8:20 ("All appeals must be noted in writing. An appeal is noted only upon timely *receipt* in the clerk's office of the writing. An appeal may be noted by a party or by the attorney for such party." (Emphasis added)). Dacha's notice of appeal was therefore effective.

On brief, the Department asserts that Dacha "concede[s]" that "she did not personally sign or file any written notice of appeal with the JDR clerk until May 10, 2024, sixteen days after the entry of the final JDR Orders." However, Dacha has only acknowledged that she did not sign the page labeled "Miscellaneous Motion," not that she never signed a notice of appeal before May 10. In fact, she asserts on appeal "that her mother's Miscellaneous Motion, *filed with an endorsed Notice of Appeal* should be recognized as valid notice[.]" (Emphasis added). Granted, submitting it with the miscellaneous motion signed by Okwiri might have rendered the document's presence in the case file somewhat less conspicuous than if it had been filed as a stand-alone document.

Even if this filing arrangement "[wa]s not a model of clarity," the notice of appeal was signed by Dacha and timely filed, and "it was sufficient on its face to identify . . . the case being appealed, without reference to any other document in the record. This is all that is required for the [appellate court] to obtain jurisdiction over the case." *Ghameshlouy v. Commonwealth*, 279 Va.

379, 394 (2010).[10] That it followed the cover page of the miscellaneous motion signed by Okwiri does not change the effectiveness of the notice of appeal signed by Dacha.

Dacha made her intent to appeal known by filing her notice of appeal in the district court in a timely manner.[11] At oral argument, Dacha reminded the circuit court that her mother brought "the paperwork at the appropriate time on May 6th.[12] And there isn't anything in, um, that's written in law that prohibits that." Indeed, Dacha did not list the contents of those papers to the circuit court at the hearing; however, she attached a copy of the entire May 6, 2024 filing to her written pleading filed with the circuit court in response to the Department's motion to dismiss her appeal.

> [A]n objection need not be repeated in order to preserve an issue for appeal. A party is not required to "make [an] objection or motion again in order to preserve his right to appeal . . . a ruling" after having previously made such a motion "known to the court."

*McQuinn v. Commonwealth*, 19 Va. App. 418, 420 (1994) (second and third alterations in original) (quoting Code § 8.01-384(A)).

> Once a litigant informs the circuit court of his or her legal argument, "[i]n order for a waiver to occur within the meaning of Code § 8.01-384(A), the record must affirmatively show that the party who has asserted an objection has abandoned the objection or has demonstrated by h[er]conduct the intent to abandon that objection."

*Helms v. Manspile*, 277 Va. 1, 6 (2009) (first alteration in original) (quoting *Shelton v. Commonwealth*, 274 Va. 121, 127-28 (2007)). At the hearing on the Department's motion, Dacha focused on responding to the arguments raised in opposition to her appeal, and on responding to the

---

[10] Although *Ghameshlouy* addressed an appeal from a circuit court to this Court, we nevertheless also find *Ghameshlouy* instructive in assessing the contents of a notice of appeal from JDR court to circuit court.

[11] *Cf. Parrish v. Fannie Mae*, 292 Va. 44, 54 (2016). Although "appeals from courts not of record are heard by the circuit court de novo, Code § 16.1-112 requires the lower court to transmit its record to the circuit court. We previously held that although de novo, an appeal in the circuit court is a continuation of the original case." *Id.* As such, the circuit court does not "err[] by considering the pleadings filed in the general district court." *Id.*

[12] The Department asserts that Dacha failed to preserve this issue for appeal. We disagree.

trial judge's questions, most notably as to whether Dacha had given her mother power of attorney. But this is not an "affirmative[] show[ing]" of "the intent to abandon" her argument on the properly signed and timely filed notice of appeal. *Id.* By attaching a copy of that notice of appeal to her opposition to the Department's motion, she affirmatively demonstrated her intent to rely upon it.

Because Dacha timely filed her appeal from the district court, the circuit court had jurisdiction to hear it.

CONCLUSION

For these reasons, this Court reverses the circuit court's judgment and remands the case for a hearing in the circuit court for further proceedings consistent with this opinion.

*Reversed and remanded.*