COURT OF APPEALS OF VIRGINIA


Present:    Judges Elder, Frank and Humphreys
Argued at Salem, Virginia


ROBERT BILL KREBS, JR.

                                                 MEMORANDUM OPINION[*] BY
v.        Record No. 2400-10-3            JUDGE ROBERT J. HUMPHREYS
                                                      DECEMBER 13, 2011
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
Mosby G. Perrow, III, Judge

Carter B. Garrett (Garrett and Garrett, P.C., on briefs), for appellant.

Susan M. Harris, Assistant Attorney General (Kenneth T. Cuccinelli,
II, Attorney General, on briefs), for appellee.


Robert Bill Krebs, Jr., ("Krebs") appeals his convictions in the Circuit Court of the City

of Lynchburg ("trial court") of one felony count of possession of a Schedule I or II controlled

substance, namely oxycodone, and one misdemeanor count of possession of marijuana.  Krebs

alleges on appeal that the trial court erred when it denied his motion to suppress and exclude all

physical evidence and statements.[1]  For the reasons that follow, we affirm the trial court in

denying the motion to suppress.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Krebs also alleges on appeal that the trial court erred (1) when it found as a matter of
law that the odor of marijuana emanating from his residence established probable cause to search
the residence, (2) when it ruled that the officer's warrantless entry into Krebs' residence did not
violate his Fourth Amendment rights, (3) when it found his statement (that the pills were
Percocet and that he had a prescription) to be an "incriminating statement," (4) when it found
this statement provided the officer with probable cause to conduct an invasive search of his
person, and (5) when it ruled that the invasive search was constitutionally permitted.  However, a
full analysis of the trial court's denial of Krebs' motion to suppress encompasses these
assignments of error, and, thus, they are not directly addressed individually.

Krebs argues on appeal that the trial court erred in denying his motion to suppress. In support of his argument, Krebs assigns error to the trial court's finding that the odor of marijuana emanating from his residence established probable cause to search the residence. "On appeal of the denial of a motion to suppress, we view the evidence in the light most favorable to the Commonwealth." McCracken v. Commonwealth, 39 Va. App. 254, 258, 572 S.E.2d 493, 495 (2002) (citing Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991)). "The defendant has the burden to show that, considering the evidence in the light most favorable to the Commonwealth, the circuit court's denial of his suppression motion was reversible error." Commonwealth v. Robertson, 275 Va. 559, 564, 659 S.E.2d 321, 324 (2008).

While we "are bound by the trial court's findings of historical fact unless 'plainly wrong' or without evidence to support them," McGee v. Commonwealth, 25 Va. App. 193, 198, 487 S.E.2d 259, 261 (1997) (en banc), we review *de novo* "the trial court's application of defined legal standards such as probable cause and reasonable suspicion to the particular facts of the case." Cherry v. Commonwealth, 44 Va. App. 347, 356, 605 S.E.2d 297, 301 (2004) (citing Ornelas v. United States, 517 U.S. 690, 699 (1996)). Also, "[w]e evaluate the existence of probable cause under a standard of objective reasonableness." Id. at 357, 605 S.E.2d at 302. That is, police officers "'must be judged by their reaction to circumstances as they reasonably appeared to trained law enforcement officers to exist'" at the time of the alleged Fourth Amendment violation. Id. (quoting Keeter v. Commonwealth, 222 Va. 134, 141, 278 S.E.2d 841, 846 (1981)).

It is well settled that "absent probable cause and exigent circumstances, warrantless arrests in the home are prohibited by the Fourth Amendment." Welsh v. Wisconsin, 466 U.S. 740, 741 (1984) (citing Payton v. New York, 445 U.S. 573 (1980)). "Probable cause exists when the facts and circumstances within the officer's knowledge, and of which he has reasonably

trustworthy information, alone are sufficient to warrant a person of reasonable caution to believe that an offense has been or is being committed." Taylor v. Commonwealth, 222 Va. 816, 820, 284 S.E.2d 833, 836 (1981). Further, "[u]nder the Fourth Amendment, 'probable cause may be supported by the detection of distinctive odors . . . .'" Bunch v. Commonwealth, 51 Va. App. 491, 496, 658 S.E.2d 724, 726 (2008) (quoting United States v. Haynie, 637 F.2d 227, 234 (4th Cir. 1980)). Thus, we have held that "the detection of the odor of burning marijuana emanating from the open door of a residence, by a credible law enforcement officer who is familiar with its smell, provides that officer with probable cause to believe contraband is present inside the residence." Cherry, 44 Va. App. at 357-58, 605 S.E.2d at 302.

In this case, Officer Stump testified that he detected a distinct odor of marijuana coming from Reed's person as he left Krebs' residence. He also detected a strong odor of marijuana when Krebs answered the door to his residence. These observations, alone, provided Officer Stump with probable cause to believe that an offense was being committed within Krebs' residence. Thus, the trial court did not err in finding that probable cause existed.

However, the existence of probable cause does not automatically grant a right of immediate entry to police officers. Officer Stump entered Krebs' residence without first obtaining a warrant based on the probable cause. The Commonwealth contends that exigent circumstances justified Officer Stump's entry into Krebs' residence or, alternatively, that the evidence obtained as a result of the warrantless entry should nevertheless be admissible under the independent source doctrine. Assuming, without deciding, that the smell of marijuana emanating from the house standing alone was insufficient to supply exigent circumstances for an immediate

- 3 -

entry, nevertheless, the evidence discovered as a result of the unwarranted entry is admissible under the independent source doctrine and under the inevitable discovery doctrine.[2]

> It has been well established for more than 60 years that evidence is not to be excluded if the connection between the illegal police conduct and the discovery and seizure of the evidence is "so attenuated as to dissipate the taint." It is not to be excluded, for example, if police had an "independent source" for discovery of the evidence.

Segura v. United States, 468 U.S. 796, 805 (1984) (quoting Nardone v. United States, 308 U.S. 338, 341 (1939)).

In Segura, officers, armed with probable cause to make an arrest, impermissibly entered Segura's apartment without a warrant and absent exigent circumstances justifying the entry. Id. at 804. The Supreme Court agreed that items discovered in plain view during the initial entry were suppressible. However, the Supreme Court held that the evidence seized the following day as the result of a valid search warrant was valid; the Supreme Court reasoned that

> [n]one of the information on which the warrant was secured was derived from or related in any way to the initial entry into petitioners' apartment; the information came from sources wholly unconnected with the entry and was known to the agents well before the initial entry. No information obtained during the initial entry or occupation of the apartment was needed or used by the agents to secure the warrant. It is therefore beyond dispute that the information possessed by the agents before they entered the apartment constituted an independent source for the discovery and seizure of the evidence now challenged.

Id. at 814.

---

[2] The trial court denied the motion to suppress by finding that Officer Stump's detection of the smell of marijuana supported a warrantless entry into Krebs' residence. However, "[i]n this case, as in all others, we seek to decide cases, 'on the best and narrowest ground available' from the record." Kirby v. Commonwealth, 50 Va. App. 691, 698 n.2, 653 S.E.2d 600, 603 n.2 (2007) (quoting Miles v. Commonwealth, 274 Va. 1, 2, 645 S.E.2d 924, 925 (2007) (Kinser, J., concurring) (citations omitted)).

As discussed above, Officer Stump already had sufficient probable cause to secure a search warrant for the premises before he ever entered the house. Although he entered Krebs' residence without a warrant, Officer Stump did not see or observe any of the items eventually recovered in the kitchen as a result of that initial intrusion. Instead, the items eventually recovered in the kitchen were seized during the execution of the search warrant that was obtained. Thus, "[i]t is therefore beyond dispute that the information possessed by the agents before they entered the apartment constituted an independent source for the discovery and seizure of the evidence now challenged." Id. As such, the trial court did not err in refusing to suppress the items recovered from the kitchen.

However, the oxycodone pills were recovered when Officer Stump decided to perform a pat down on Krebs during his initial intrusion into the residence. Since these pills were discovered and seized prior to the subsequent warranted search, the independent source doctrine does not apply to them. Even so, the inevitable discovery doctrine provides a valid basis to affirm the trial court's denial of Krebs' motion to suppress these pills.

The United States Supreme Court first adopted the inevitable discovery exception to the exclusionary rule in Nix v. Williams, 467 U.S. 431 (1984). In Nix, the Court explained that,

> [i]t is clear that the cases implementing the exclusionary rule "begin with the premise that the challenged evidence is *in some sense* the product of illegal governmental activity." Of course, this does not end the inquiry. If the prosecution can establish by a preponderance of the evidence that the information ultimately or inevitably would have been discovered by lawful means . . . then the deterrence rationale has so little basis that the evidence should be received. Anything less would reject logic, experience, and common sense.

Id. at 444 (quoting United States v. Crews, 445 U.S. 463, 471 (1980)).

> The inevitable discovery rule provides an exception to the requirement that a search be supported by a warrant. The rule derives from the principle that fruits of an unlawful search are inadmissible at trial, if the challenged evidence "has been come at

> by exploitation of that illegality." Conversely, if the evidence is obtained "by means sufficiently distinguishable to be purged of the primary taint," excluding the evidence does not serve the deterrent purpose of the rule. The inevitable discovery rule is "an off-shoot of the independent source doctrine."

Copeland v. Commonwealth, 42 Va. App. 424, 436-37, 592 S.E.2d 391, 397 (2004) (quoting

Wong Sun v. United States, 371 U.S. 471, 488 (1963); Wilkins v. Commonwealth, 37 Va. App.

465, 475, 559 S.E.2d 395, 399 (2002)).

In Virginia,

> [t]o come within the exception, the Commonwealth must show: "(1) a reasonable probability that the evidence in question would have been discovered by lawful means but for the police misconduct, (2) that the leads making the discovery inevitable were possessed by the police at the time of the misconduct, and (3) that the police also prior to the misconduct were actively pursuing the alternative line of investigation."

Id. at 437, 592 S.E.2d at 397 (quoting Walls v. Commonwealth, 2 Va. App. 639, 656, 347 S.E.2d

175, 185 (1986)).

In this case, it is clear from the record that the oxycodone pills in Krebs' pocket would

have inevitably been discovered through a search incident to his arrest following the execution of

the search warrant when contraband and other evidence of criminal activity were found within

his home. The first prong of the inevitable discovery test is met, because there was sufficient

probable cause to support a warrant to search Krebs' residence. That search yielded "a plastic

bag with green plant material," a black digital scale, and a marijuana grinder. After finding this

contraband, it is reasonable to conclude that Officer Stump would have arrested Krebs and

performed a standard search incident to arrest. "A warrantless search and seizure may be upheld,

however, if it is conducted incident to a lawful arrest." Id. at 433, 592 S.E.2d at 395. During

this search, Officer Stump would have found the oxycodone pills. The second prong is also met

because the only evidence supplying probable cause necessary to making the discovery, namely

the odor of marijuana, existed prior to the alleged unlawful entry. Finally, the third prong of the test is met because the police were already actively pursuing a search based upon probable cause. The first thing Officer Stump did was to explain that they were not under arrest, but that they were being detained, because he had detected an odor of marijuana. <u>See</u> <u>Segura</u>, 468 U.S. at 810 ("securing a dwelling, on the basis of probable cause, to prevent the destruction or removal of evidence while a search warrant is being sought is not itself an unreasonable seizure of either the dwelling or its contents"). He then read the group their <u>Miranda</u> rights and stated he was going to get a search warrant for the house. Since all three prongs of the inevitable discovery doctrine test are met, the evidence should not have been suppressed under the exclusionary rule.

In conclusion, the trial court did not err in denying Krebs' motion to suppress, because the officer had probable cause based on his detection of the odor of marijuana, and, thus, an independent source existed for the search of Krebs' residence, and the evidence seized from his person would have been inevitably found during a search incident to arrest. Therefore, we affirm the judgment of the trial court.

<u>Affirmed.</u>