PRESENT:  Hassell, C.J., Lacy, Keenan, Kinser, Lemons, and Agee, JJ., and Compton, S.J.

ROBERT MICHAEL McMINN                        OPINION BY
                                    SENIOR JUSTICE A. CHRISTIAN COMPTON
v.  Record No. 030286                      January 16, 2004

SCOTT CHRISTOPHER ROUNDS, ET AL.


                FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
                        Burke F. McCahill, Judge

     In this civil action based upon an alleged assault and

battery in which the defense of self-defense was raised, the

sole question presented is whether the trial court erred in

admitting testimonial evidence of a prior, specific act of

alleged assaultive or combative behavior on the part of the

plaintiff.

     Plaintiff Robert Michael McMinn filed a motion for judgment

against defendants Scott Christopher Rounds and Pops II

Incorporated, t/a Broos, seeking damages for personal injuries

allegedly sustained on July 12, 2000.  The plaintiff claimed he

was assaulted and battered by Rounds, a Broos employee, in an

altercation while an invitee upon the premises of Broos, a

restaurant and bar located in Sterling.  In grounds of defense,

the defendants denied liability to the plaintiff and, among

other things, pled that Rounds acted in self defense during the

altercation.

Although the plaintiff sought recovery upon several theories, the case eventually was submitted to a jury upon the claim that, "without just cause or provocation," Rounds "struck and with force of arms assaulted the plaintiff."

The jury found in favor of the defendants. Upon consideration of the plaintiff's motion to set the verdict aside, the court entered judgment on the verdict in a November 2002 order, from which the plaintiff appeals.

A detailed recitation of the facts is unnecessary to present the issue we decide. The plaintiff was among a group of persons attending a meeting of an investment club on the premises of Broos restaurant and bar during the evening of the day in question. Before and during the meeting, many in the group, including the plaintiff, consumed various quantities of alcoholic beverages.

After some time, the plaintiff decided to leave the premises. An argument ensued involving a Broos waitress and the plaintiff over how his share of the "tab" could be paid. Eventually, defendant Rounds, the Broos bartender, became involved. According to the evidence, as the bartender was "escorting" the plaintiff "out the door" amid foul language, a fight took place between the two resulting in injury to the plaintiff.

2

During their testimony, the plaintiff and Rounds each claimed that the other was the aggressor in the tussle. Denying he cursed or threatened anyone, the plaintiff testified that, as he was leaving the premises, Rounds "in a fairly agitated state, . . . came rushing up behind me." The plaintiff stated: "The next thing I know I'm on the ground with my arm twisted behind my back, and Mr. Rounds has me by the throat with his hand, pretty much a choke-hold."

Rounds, on the other hand, testified that during "the later part of the evening," the plaintiff, who Rounds did not know, became "argumentative," used vulgar language toward the waitress, and appeared to be intoxicated. According to Rounds, he told the plaintiff twice to leave the premises. As he was walking out of the premises, the plaintiff "turned around and struck me with his hands on one side of my face and one side of my chest," Rounds said. The defendant stated he then put his arms around the plaintiff's chest "and yelled at him to tell him to calm down. At that point, . . . he was starting to fight at me and . . . our feet got tangled up and we both just fell to the floor backwards."

Over the plaintiff's objection, the trial court permitted the defendants to present evidence of an incident involving the plaintiff occurring in Loudoun County on December 17, 1996, about three and one-half years prior to the event sued upon. In

3

that incident, according to the testimony, the plaintiff was operating a motor vehicle that was stopped behind another vehicle at an intersection. The plaintiff was "honking his horn and flipping [the other driver] the bird and screaming."

As the other vehicle was driven into a nearby apartment complex, the plaintiff followed, and according to the other driver, "pulled around and cut me off and pulled out right in front of me." The plaintiff then "jumped out and just immediately attacked [the other driver]," proceeding "to beat him up." The evidence showed that the plaintiff "was intoxicated . . . very violent and aggressive."

On appeal, the plaintiff contends that the trial court erred "in allowing evidence of a single dissimilar instance of prior aggressive behavior by McMinn." The plaintiff says, "In the face of a plea of self-defense, evidence of prior acts by the victim which are sufficiently probative of the issue of whom was the aggressor . . . is admissible under Virginia law if connected in time and circumstances to the assault and battery in issue." Here however, the plaintiff argues, the trial court erred in admitting the evidence "not merely because the earlier event was remote in time, but because that single prior episode was not sufficiently similar to bear any relevance to the incident in question."

The defendants say "the basis upon which the evidence of the prior incident was offered in this particular case was for the purpose of establishing McMinn's character, i.e. - a propensity to undertake unprovoked physical attacks against individuals when consuming alcohol."  The defendants argue that the trial court "properly considered whether or not there was a nexus of relevancy between the prior conduct or character of McMinn and his behavior on the night of the incident giving rise to this litigation, and after determining that such nexus existed, properly allowed the jury to consider the evidence." We do not agree.

Initially, we dispose of a procedural matter.  We reject the defendants' contention that the plaintiff waived his objection to the evidence in question by not objecting to an amended instruction on the subject offered by the defendants.  A procedural waiver may occur when the trial court is not afforded an opportunity to rule intelligently on the issue presented. Wright v. Norfolk and W. Ry. Co., 245 Va. 160, 167-70, 427 S.E.2d 724, 728-29 (1993).

On numerous occasions before, during, and after the trial, the plaintiff made known to the trial court his objection to admission of the evidence.  At those stages of the proceeding, the trial court was afforded full opportunity to rule intelligently on the issue.  Plaintiff's attorney merely

5

responded, "That's fine, Your Honor," when the tendered instruction was amended.  Thus, there was no waiver.  See King v. Commonwealth, 264 Va. 576, 582, 570 S.E.2d 863, 866 (2002); WJLA-TV v. Levin, 264 Va. 140, 159, 564 S.E.2d 383, 394 (2002); Chawla v. BurgerBusters, Inc., 255 Va. 616, 622-23, 499 S.E.2d 829, 832-33 (1998).

We now consider the substantive issue.  Preliminarily, we note "there is a vast difference between reputation and character, and our chief means of ascertaining character is by evidence of general reputation."  Mitchell v. Commonwealth, 141 Va. 541, 562, 127 S.E. 368, 375 (1925).  Quoting Henry Ward Beecher, the Court has said:  " 'Character is what one really is; reputation is what others believe him to be.' "  Zirkle v. Commonwealth, 189 Va. 862, 871, 55 S.E.2d 24, 29 (1949).

In Virginia, the rule in criminal cases is that, when a defendant adduces evidence of self-defense, proof of specific acts is admissible to show the character of the victim for turbulence and violence, even when the defendant is unaware of such character.  Barnes v. Commonwealth, 214 Va. 24, 25-26, 197 S.E.2d 189, 190 (1973);  Stover v. Commonwealth, 211 Va. 789, 794, 180 S.E.2d 504, 508 (1971).  When admissible, such evidence bears upon the questions of who was the aggressor or what was the reasonable apprehension of the defendant for his safety.

6

Upon the question of who was the aggressor, the issue is what the victim probably did, and evidence of recent acts of violence toward third persons ought to be received, if connected in time, place, and circumstance with the crime, as to likely characterize the victim's conduct toward the defendant. Randolph v. Commonwealth, 190 Va. 256, 265, 56 S.E.2d 226, 230 (1949).  See Burford v. Commonwealth, 179 Va. 752, 766-67, 20 S.E.2d 509, 515 (1942); Rasnake v. Commonwealth, 135 Va. 677, 697-98, 115 S.E. 543, 549-50 (1923).  We perceive no sound reason why this rule for criminal cases should not be applied under the special circumstances of this civil case.

As we have said, the rule speaks of multiple acts, not a single act.  The crucial question then becomes whether only one specific act of alleged aggressiveness and violent conduct was admissible for the purpose of establishing the plaintiff's character.  We hold that it was not.

A single act of bad conduct does not establish one's unfavorable character.  While evidence of a series of bad acts may collectively be admissible to establish poor character, the conduct in a single incident is insufficient.  See Zirkle v. Commonwealth, 189 Va. at 871, 55 S.E.2d at 29 (extrinsic proof of specific act of bad conduct inadmissible to rebut testimony tending to establish good reputation of accused for personal traits of character involved).

7

Indeed, this Court has so ruled in the context of a civil case. In Homestead Fire Ins. Co. v. Ison, 110 Va. 18, 65 S.E. 463 (1909), the trial court refused to admit evidence of one Craft upon the general character of the plaintiff. In affirming the lower court's action, this Court said: "General reputation among the people who know the man is the issue in such a case. The witness Craft expressly states that he knows nothing about the reputation of the [plaintiff] in this sense. All he professed to know was his special reputation formed on a single occasion. . . ." Id. at 25, 65 S.E. at 466.

Neither Barnes nor Stover, primarily relied upon by the defendants, is authority for the admission of the evidence in question; those cases deal with proof of multiple prior acts to establish character.

In Barnes, the defendant and the victim had been drinking beer and liquor prior to the victim being shot and killed by the defendant, who pled self-defense. The trial court refused to admit the testimony of the victim's wife and a rehabilitation counselor about their knowledge of the victim's "drinking problem" and "aggressive tendencies" when intoxicated. 214 Va. at 25, 197 S.E.2d at 190. Reversing the trial court, this Court stated that the evidence of prior drinking activity was admissible to support the defendant's statement in justification of the homicide. Id. at 26, 197 S.E.2d at 190. The Court set

8

forth the rule as follows: "[When], as here, there is evidence that the victim was intoxicated at the time of the shooting, evidence of his character . . . for turbulence when in such condition is admissible on the issue of self-defense." Id. Barnes, however, involved proof of multiple acts of drinking, not just a single incident.

In Stover, deciding an issue under Brady v. Maryland, 373 U.S. 83 (1963), this Court reversed a conviction when there had been suppression by the prosecution of evidence favorable to the accused. The nondisclosed items were statements of complaining witnesses concerning prior incidents of violence. In the course of ruling on the Brady question, the Court said: "[When] an accused adduces evidence that he acted in self-defense, evidence of specific acts is admissible to show the disposition and character for turbulence and violence of the deceased and of complaining witnesses." 211 Va. at 794, 180 S.E.2d at 508. The Court stated that defendant "was denied the opportunity to show that he was set upon by persons who had recently committed acts of violence evidencing turbulence of disposition." Id. at 795-96, 180 S.E.2d at 509. Again, the Court spoke of specific "acts," not a single "act."

Consequently, because the trial court committed reversible error in admitting the evidence in question, we will annul the

9

judgment in favor of the defendants and will remand the case for a new trial.

<u>Reversed and remanded</u>.