COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Petty, O'Brien and AtLee
Argued at Lexington, Virginia


CORDELL LIONEL CARTER

MEMORANDUM OPINION[*] BY
v.        Record No. 2261-14-3            JUDGE MARY GRACE O'BRIEN
MAY 31, 2016

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF AMHERST COUNTY
J. Michael Gamble, Judge

Joseph A. Sanzone (Sanzone and Baker L.L.P., on brief), for
appellant.

Susan Baumgartner, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


A jury convicted Cordell Lionel Carter ("appellant") of first-degree murder, in violation of

Code § 18.2-32, and use of a firearm in the commission of a homicide, in violation of Code

§ 18.2-53.1.  After the jury trial, the parties stipulated to the evidence in a subsequent bench trial for

possession of a firearm by a convicted felon, in violation of Code § 18.2-308.2.  Appellant was also

convicted of that charge.  Appellant was sentenced to fifty-three years of incarceration in the state

penitentiary, with three years suspended for first-degree murder; five years of incarceration with two

years suspended for use of a firearm in the commission of a felony; and four years of incarceration

with two years suspended for possession of a firearm by a convicted felon.

Appellant asserts the following assignments of error:

I.     The trial court erred by refusing to allow the defendant to
introduce evidence that the decedent threatened to kill the
defendant hours before the shooting in this case when the

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

defendant contended that he acted in self-defense as the decedent pulled a gun on the defendant to initiate the incident that resulted in the shooting that resulted in the decedent's death.

II.     The trial court erred in not admitting evidence of prior acts of violence of the decedent Jennifer Johnson prior to 2012, and involving a 2013 incident where the decedent broke her mother Jessie Monaghan's jaw after threatening to kill her, as this evidence is proof of the violent and turbulent nature of the decedent in a case where the defendant alleged the decedent was the aggressor.

III.    The trial court erred by not granting the defendant's motion to set aside the verdict, and grant a mistrial, since Sonny Showalter in his proffer [sic] testimony, which was made during jury deliberation, admitted giving false testimony regarding material evidence during the trial and therefore the jury verdict was based, in part, on false testimony.

## I.  BACKGROUND

Because the parties are fully conversant with the record in this case and this memorandum opinion carries no precedential value, we recite only those facts and incidents of the proceedings as are necessary to the parties' understanding of the disposition of this appeal.

On the afternoon of January 14, 2014, the victim, Jennifer Johnson, was at home with her fourteen and seven-year-old sons.  Appellant, with whom the victim had an off-and-on romantic relationship, came to the victim's house and went into her bedroom where she was resting.  From the living room, her fourteen-year-old son heard appellant and the victim "arguing and bickering back and forth."  He then heard "something hit the floor . . . like, a boom or something dropped."  A few seconds later, appellant walked out of the bedroom, made a comment to the children about an ambulance, and left the residence.  Appellant was only in the victim's bedroom for two to five minutes.

After appellant left, her son went into his mother's bedroom, where he found her on the floor, shaking and speaking in "gibberish."  He looked for his mother's cell phone to call for help,

but appellant had taken it. The victim's son ran to Sonny Showalter's house about fifty yards away, and called 911. The police arrived eight minutes later, but the victim had died in the interim.

The police did not find any weapons at the house, but they did find a .38 shell casing on the bedroom floor. The bullet had gone through a bedroom window and struck a post on the front porch. The police determined that when the victim was shot, she was standing in front of her bedroom window, directly across from the doorway to the room, at an angle facing toward the right side of the room. The police concluded that the bullet traveled "facing toward[] her at the same direction," and then went through the window at an angle.

Dr. Amy Tharp, an assistant chief medical examiner, testified that the victim died from a single bullet wound to her chest that punctured her aorta and lungs and severed her spinal cord. According to Dr. Tharp, the injury caused rapid blood loss and paralyzed Johnson immediately from the waist down. There were no defensive wounds found on the victim's body, and no visible soot or burns on her hands from the gunshot. The doctor concluded that the victim was shot from "an intermediate range . . . within a few feet."

At trial, appellant testified that on the day of the shooting, he went to Johnson's house to bring her money. He said that her son answered the door and let him in. The victim came out to the living room and was "hollering and screaming," so appellant and the victim went into the bedroom. Appellant testified that he gave Johnson $500, but she wanted $1,000. According to appellant, the victim threatened to kill him and "reached like she had the gun." Appellant said he then "hit her hand and her hand went up" and he heard a "pop" and the victim fell against the wall. Appellant also testified that he "tried to knock [the gun] out of her hand." He said that Johnson fell against the wall and was "standing there" when he left. He did not see any blood and did not think anything was wrong with her. He testified that he believed she was just "acting out."

- 3 -

The jury found appellant guilty of first-degree murder and use of a firearm in the commission of a homicide. Appellant moved to set aside the verdict as contrary to the law and evidence. His motion was denied, and this appeal followed.

## II. ANALYSIS

### A. Assignment of Error I: Evidence of Victim's Threat to Kill Appellant

Appellant asserts that the trial court erred in refusing to allow him to introduce evidence that hours before the shooting occurred, the victim made a threat to Jesse Monaghan, the victim's mother, that she was going to kill appellant. He contends that the threat was admissible to show that the victim was the initial aggressor and he was acting in self-defense when he shot her.

"The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion." Blain v. Commonwealth, 7 Va. App. 10, 16, 371 S.E.2d 838, 842 (1988). A trial court abuses its discretion

> "when a relevant factor that should have been given significant weight is not considered; when an irrelevant or improper factor is considered and given significant weight; and when all proper factors, and no improper ones, are considered, but the court, in weighing those factors, commits a clear error of judgment."

Lawlor v. Commonwealth, 285 Va. 187, 213, 738 S.E.2d 847, 861 (2013) (quoting Landrum v. Chippenham & Johnston-Willis Hosps., Inc., 282 Va. 346, 352, 717 S.E.2d 134, 137 (2011)).

### 1. Factual Background

During the jury trial, at the conclusion of the Commonwealth's case, Monaghan was taken to the hospital with chest pains. Before presenting any evidence, appellant requested a continuance because he had planned to call Monaghan as a witness. Appellant proffered that Monaghan would testify that on the night before the shooting, the victim told her that Monaghan should "move her

- 4 -

things . . . and find herself another n****r because this one wasn't going to be around long."[1] Appellant asserted that the victim's statement to Monaghan was a threat against him and was admissible to prove that he acted in self-defense when he shot her. The court denied his motion to continue the case. Appellant does not assign error to the court's failure to grant the continuance.

During the defense case, appellant testified in support of his theory of self-defense. He did not, however, renew his proffer of Monaghan's anticipated testimony. While the jury was deliberating, the court allowed appellant to make a second proffer regarding the same statement by the victim.

### 2. Analysis

At the time appellant initially made the proffer of Monaghan's testimony, in the context of his motion to continue, the Commonwealth had concluded its case. The defense had not yet presented any evidence regarding an overt act by the victim that would justify appellant shooting her in self-defense.[2] Accordingly, at the time of the first proffer, the trial court did not err in excluding the evidence because it was not relevant. See Canipe v. Commonwealth, 25 Va. App. 629, 640-41, 491 S.E.2d 747, 752 (1997) (holding that evidence regarding the victim's character for violence or aggression is only admissible after a proper foundation is laid by proof of an overt act justifying such defense); see also Commonwealth v. Cary, 271 Va. 87, 102, 623 S.E.2d 906, 914 (2006).

---

[1] Appellant was not present when the victim made this allegedly threatening statement, and he was unaware that she made the statement. While the trial court ruled that the statement was not admissible because the threat was not communicated to appellant, we do not reach that issue on the merits because we find that the evidence was not relevant at the time it was offered. See Luginbyhl v. Commonwealth, 48 Va. App. 58, 64, 628 S.E.2d 74, 77 (2006) ("[A]n appellate court decides cases 'on the best and narrowest ground available.'" (quoting Air Courier Conference v. Am. Postal Workers Union, 498 U.S. 517, 531 (1991) (Stevens, J., concurring))).

[2] The only evidence presented at trial relevant to appellant's self-defense claim was appellant's own testimony.

In Cary, 271 Va. at 102, 623 S.E.2d at 914, the defendant asserted a claim of self-defense. She attempted to adduce evidence concerning the victim's prior threats and acts of violence against her. Id. However, at the time the defendant offered the evidence, the defendant had not yet testified about any overt act sufficiently imminent to support a claim of self-defense. Id. The Virginia Supreme Court held that the trial court correctly excluded the proffered evidence because of the timing of the proffer: before the defendant could offer testimony of prior threats made by the victim, she was required to present evidence "to establish the overt act necessary for a claim of self-defense." Id.

Likewise, in the case before us, appellant proffered evidence of the alleged threat made by the victim before he had presented any evidence in support of his claim of self-defense. Evidence of a threat against him was therefore premature at the time it was offered, and the trial court did not err in excluding the evidence at that time.

Further, although appellant's testimony later in the trial arguably put the issue of self-defense before the jury, appellant failed to renew the proffer of Monaghan's testimony before the jury retired to deliberate. Accordingly, the second proffer was not timely and appellant did not properly preserve the issue for appeal under Rule 5A:18. See Jones v. Commonwealth, 50 Va. App. 437, 445, 650 S.E.2d 859, 863 (2007) (stating that "post-trial motions regarding admission of evidence generally are not timely"); see also Johnson v. Raviotta, 264 Va. 27, 33, 563 S.E.2d 727, 731 (2002) (to satisfy Rule 5A:18, "an objection must be made . . . at a point in the proceeding when the trial court is in a position, not only to consider the asserted error, but also to rectify the effect of the asserted error").

### B. Assignment of Error II: Prior Acts of Violence by the Victim

Appellant contends that the trial court erred when it limited the admissibility of evidence of the victim's prior acts of violence. According to appellant, the challenged evidence was proof of the

victim's "violent and turbulent nature" and was relevant to his claim that she was the initial aggressor and that he was defending himself when he shot her.

"The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion." Blain, 7 Va. App. at 16, 371 S.E.2d at 842. The Supreme Court has held that when a defendant alleges he acted in self-defense, the number of precise acts of violence committed by the victim is a matter within the sound discretion of the trial court. Rasnake v. Commonwealth, 135 Va. 677, 697-700, 115 S.E. 543, 549-51 (1923).

### 1. Factual Background

During his testimony, appellant attempted to introduce evidence that the victim had assaulted both him and other people in the past. He offered this testimony in support of his contention that the victim was the aggressor and he was acting in self-defense when he shot her.

The court allowed appellant to testify to all acts of violence that the victim committed against him between 2012 and the date of her death, and also permitted him to testify as to acts of violence that he observed the victim commit against Sonny Showalter from 2012 until the victim's death. However, the court excluded evidence that the victim was arrested for stabbing a man ten years earlier and that the victim hit appellant sometime in 2008 or 2009. The court also excluded evidence that appellant "knew" that the victim broke Monaghan's jaw in 2013.

### 2. Analysis

Self-defense is an affirmative defense. When a defendant claims he was acting in self-defense, he bears the burden of producing evidence of "justification or excuse that raises a reasonable doubt in the minds of the jurors." McGhee v. Commonwealth, 219 Va. 560, 562, 248 S.E.2d 808, 810 (1978). Generally, "[e]vidence of a person's character or character trait is not admissible for the purpose of proving action in conformity therewith on a particular occasion." Va.

- 7 -

R. Evid. 2:404(a). However, when a defendant asserts a claim of self-defense, proof of specific acts of violence by the victim is admissible to "show the character of the victim for turbulence and violence, [because] . . . such evidence bears upon the questions of who was the aggressor or what was the reasonable apprehension of the defendant for his safety." McMinn v. Rounds, 267 Va. 277, 281, 591 S.E.2d 694, 697 (2004) (citations omitted). This evidence is not admissible until a defendant has presented evidence of an overt act by a victim that justifies his claim of self-defense. Cary, 271 Va. at 102, 623 S.E.2d at 914. See also Burford v. Commonwealth, 179 Va. 752, 767, 20 S.E.2d 509, 515 (1942).

Evidence of the victim's propensity for violence is relevant to establish the initial aggressor and whether the defendant reasonably feared for his safety. Workman v. Commonwealth, 272 Va. 633, 649, 636 S.E.2d 368, 377 (2006). In determining the initial aggressor, the victim's prior acts of violence toward third persons may be admissible in certain circumstances. The violent acts must be sufficiently connected to the crime in time, place, and circumstance "as to likely characterize the victim's conduct toward the defendant." Id. (quoting McMinn, 267 Va. at 281, 591 S.E.2d at 697).

In Randolph v. Commonwealth, 190 Va. 256, 265-66, 56 S.E.2d 226, 230-31 (1949), the Supreme Court held that evidence that a victim previously threatened an acquaintance with a pistol was irrelevant in a case where the defendant claimed he shot the victim in self-defense while the victim was robbing him. The issue in that case was not the victim's propensity for violence but the credibility of the defendant's allegation that he was being robbed when he shot the victim. Id. However, in Barnes v. Commonwealth, 214 Va. 24, 26, 197 S.E.2d 189, 190-91 (1973), the Court found that the trial court erred in excluding all evidence of the victim's aggressive tendencies after he had been drinking. The defense established that at the time of the offense, the victim had a blood alcohol level of .21. Id. at 25, 197 S.E.2d at 190. The proffered evidence demonstrated that in the past, the victim became assaultive when he was intoxicated. Id. The Court found that the evidence

was admissible to support the defendant's contention that he killed the victim in self-defense, because there was a nexus between the victim's behavior when intoxicated and the self-defense claim. Id. at 26, 197 S.E.2d at 190-91.

In the case before us, the trial court did not exclude all of the testimony regarding prior acts of violence by the victim, but rather gave a time limitation. Appellant was permitted to testify to multiple incidences of violence committed by the victim between 2012 and when she was killed in 2014, including acts of violence against appellant and Showalter. The court excluded evidence that the victim hit appellant sometime in 2008 or 2009, which was remote in time from her death.

Likewise, evidence that the victim stabbed a man was remote in both time and circumstance. Appellant admitted that the stabbing took place ten years earlier and was a result of the victim's belief that she was defending her sister. Further, testimony that appellant "knew about" the victim breaking her mother's jaw in 2013 was related to a family dispute and appellant was not present when it occurred.

The law does not require the trial court to allow appellant to introduce evidence of every act of violence committed by a victim. "[T]he number of specific acts of violence of the deceased or victim which might be introduced [is] a matter within the sound discretion of the trial court." Burford, 179 Va. at 767, 20 S.E.2d at 515. Accordingly, we find that the court did not abuse its discretion in limiting testimony regarding the victim's prior acts of violence.

C. Assignment of Error III: Motion to Set Aside the Verdict

Appellant argues that the trial court erred when it refused to set aside the jury's verdict as contrary to the law and evidence, because of the false testimony of Sonny Showalter.[3]

---

[3] Appellant also assigns error to the trial court's failure to grant a mistrial. However, appellant never moved for a mistrial, he only asked for the court to set aside the jury's verdict.

## 1. Standard of Review

A trial judge may only set aside a jury verdict if it is plainly wrong or without credible evidence to support it. Wagoner v. Commonwealth, 63 Va. App. 229, 245-46, 756 S.E.2d 165, 173-74 (2014); see also Code § 8.01-680.

## 2. Factual Background

Appellant called Sonny Showalter to testify at trial and unsuccessfully attempted to have him declared an adverse witness. Showalter subsequently testified during the defense case that he did not know whether the victim had a gun.

Later, while the jury was deliberating, appellant called Showalter to testify again, for purposes of a proffer. At that time, Showalter stated that his earlier testimony was untrue and he knew that the victim had a gun. Following Showalter's testimony, appellant's counsel told the court that he was not asking the court to change any previous rulings. After the jury returned its verdict, appellant made a motion to set aside the verdict based on Showalter's false testimony. The court denied appellant's motion.

## 3. Analysis

Citing Powell v. Commonwealth, 133 Va. 741, 112 S.E. 657 (1922), appellant argues that the court erred in failing to set aside the verdict and order a new trial. Appellant's reliance on Powell is misplaced. In Powell, the Commonwealth's witness admitted that he testified falsely at trial and the Supreme Court held on appeal that it could not fairly conclude that the jury would reach the same verdict without the perjured testimony. Id. at 756-58, 112 S.E. at 662. The Court held that the trial court must order a new trial if the perjured testimony went to a material issue in the case or if the verdict was based principally on the false testimony. Id. at 754, 112 S.E. at 661.

In the present case, it is significant that appellant himself called Showalter to testify and then claimed that he was prejudiced by his own witness' testimony. "No litigant, even a defendant in a

criminal case, will be permitted to approbate and reprobate – to invite error . . . and then to take advantage of the situation created by his own wrong." Manns v. Commonwealth, 13 Va. App. 677, 680, 414 S.E.2d 613, 615 (1992) (quoting Fisher v. Commonwealth, 236 Va. 403, 417, 374 S.E.2d 46, 54 (1988)). Further, appellant assumes that Showalter's testimony while the jury was deliberating was truthful; however, no other evidence indicates whether Showalter was telling the truth the first or the second time that he testified. See Powell, 133 Va. at 756, 112 S.E. at 661 (when a witness recants his trial testimony, a new trial is only warranted if "the court has evidence before it which establishes the . . . perjury or mistake, in such a clear and convincing manner as to leave no room for doubt").

Finally, Showalter's testimony was not material to the ultimate finding of guilt by the jury: he was not present when the homicide occurred. He had no personal knowledge of what happened during the actual shooting, and his testimony was only relevant to appellant's theory of self-defense. The evidence in this case was sufficient to support the jury's verdict, and we find that the court did not err in refusing to set aside the verdict.

### III. CONCLUSION

For the foregoing reasons, the decision of the trial court is affirmed.

Affirmed.