COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Decker, Judges O'Brien and AtLee
Argued at Richmond, Virginia

LASHAUNDA TENIKA MEEKINS

OPINION BY
v.      Record No. 0459-19-2      JUDGE MARY GRACE O'BRIEN
APRIL 28, 2020

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Phillip L. Hairston, Judge

Lauren Whitley, Deputy Public Defender, for appellant.

Rosemary V. Bourne, Senior Assistant Attorney General (Mark R. Herring, Attorney General, on brief), for appellee.


LaShaunda T. Meekins ("appellant") entered a no contest plea to the voluntary

manslaughter of Randy Jones, in violation of Code § 18.2-35.[1]  In exchange for her plea, the

Commonwealth moved to *nolle prosequi* charges of robbery and two counts of use of a firearm in

the commission of a felony.

At appellant's sentencing hearing, she attempted to introduce evidence of the victim's

character.  Appellant presented the information to the court in a pre-sentencing memorandum and

proffered additional testimony at the sentencing hearing.  The court ruled that the evidence was

inadmissible.

---

[1] Both the sentencing and conviction orders state that appellant was convicted of voluntary manslaughter under "[Code §] 18.2035."  Upon our review of the record, we determine this was a clerical error, and we remand to the trial court for the limited purpose of correcting the conviction and final orders to properly reflect the statute, Code § 18.2-35.  See Code § 8.01-428(B) (governing correction of clerical errors by the trial court).  See also Atkins v. Commonwealth, 68 Va. App. 1, 10 (2017) (remanding the case solely to correct an improperly listed case number on the sentencing order).

Appellant raises two assignments of error:

> 1. The trial court erred in refusing to admit, or consider, the [victim's] prior specific bad acts of violence in sentencing [appellant].

> 2. The trial court erred in refusing to admit hearsay at a sentencing hearing.

## BACKGROUND

At the plea hearing on October 22, 2018, the Commonwealth proffered the following evidence. Jones and appellant met at a 7-Eleven on the evening of January 17, 2018. He invited her back to his residence where they used cocaine. At one point, they left the house to buy cigarettes, which they traded for more drugs and then returned to the residence to use the drugs.

In the early morning hours of January 18, 2018, appellant shot Jones to death in his bedroom. One bullet traveled through the sleeve of Jones's coat and struck the top of his head. The bullet path showed that Jones may have had his arm on top of his head in a defensive position when he was shot. Another bullet lodged in the wall opposite from where police found his body. After killing Jones, appellant took his credit card, the gun, one shell casing, and the remaining drugs. She walked around the house, as she later explained to the police, "[j]ust to make sure no one else was there." A surveillance camera outside the residence recorded appellant leaving shortly before 4:00 a.m. Approximately five hours later, appellant used Jones's credit card to purchase hundreds of dollars' worth of items, including cigarettes, which she sold for drugs.

When questioned by the police, appellant initially denied shooting Jones or using his credit card, but eventually confessed. According to the Commonwealth's proffer, appellant "described the incident as having taken place in a manner that was inconsistent with both the victim's injuries and the forensic evidence that was recovered from the scene."

At her sentencing hearing on February 21, 2019, appellant offered testimony from a woman who was in a relationship with Jones for eight years and had last seen him in 1999. The

ex-girlfriend described a 1991 incident that resulted in Jones being arrested for domestic assault. She obtained a temporary protective order against Jones in December 1994, and another protective order in January 1995, which Jones violated in March and June 1995. In 1998, Jones assaulted the woman again, and violated another protective order. The woman testified that Jones repeatedly threatened to kill her during their relationship and attempted to strangle her several times.

Appellant also offered Jones's 2004 conviction for possessing a firearm as a convicted felon and a 2017 conviction for assault. In her sentencing memorandum, appellant alluded to, but did not attach, a police report referencing an interview with a man who intervened in the 2017 assault and would state that Jones had a reputation in the community for assaulting women.

Appellant proffered additional testimony that in Spring 2017, Jones invited another woman to his home where they used drugs. The woman returned "two or three times" during the next two days and "got a bad vibe" from him. She found Jones's "behavior unpredictable and alarming," and began to fear that Jones was going to keep her at his house against her will, so she left and did not see him again.

Appellant sought to introduce the evidence to show that Jones had a "violent[,] aggressive[,] and controlling character, particularly towards women and while under the influence of cocaine." The court agreed with the Commonwealth that after pleading no contest to voluntary manslaughter, appellant could not introduce evidence of Jones's character under the self-defense exception to Virginia Rule of Evidence 2:404(a). It found that the character evidence was not relevant to the issues before the court at sentencing. The court also was unpersuaded by appellant's argument that the proffered evidence rebutted the victim impact statement from Jones's wife stating that he "was a very loving person and all that know him knew his heart."

Appellant also proffered testimony that one of Jones's friends told Detective Patrick Mansfield that Jones owned a firearm, which the friend believed was a .380 caliber weapon.[2] The Commonwealth objected on hearsay grounds; the court agreed and excluded the evidence.

Appellant testified at the sentencing hearing. She stated that on the night of the offense Jones became irate, and as she attempted to leave his residence, he caught and "tackled" her. She agreed to return inside if he would not hurt her, but once there, Jones held her at gunpoint while he demanded that she undress and give him the drugs she was hiding. Appellant stated that she grabbed his gun, a struggle ensued, and the gun discharged, striking Jones.

Appellant's family members testified to her non-violent nature and her struggles with addiction. In imposing sentence, the court observed that appellant's version of the circumstances of the crime did not "comport with that of the physical evidence in this case." The court also referenced appellant's actions after the homicide, including taking and using Jones's credit card after "calmly [leaving] his residence." Finally, the court considered appellant's criminal history, which included numerous felony convictions and probation violations. The court sentenced appellant to ten years of incarceration, with three years of supervised probation upon her release.

ANALYSIS

We review a court's decision to admit evidence at sentencing for an abuse of discretion. Baldwin v. Commonwealth, 69 Va. App. 75, 82 (2018). "Circuit court judges are vested with broad discretion in admitting evidence and can be expected to exercise that discretion to exclude evidence that does not aid the court in the sentencing phase." Harvey v. Commonwealth, 65 Va. App. 280, 286-87 (2015) (citation omitted). "Such weighing is left to the discretion of the trial court and will not be disturbed on appeal, absent an abuse of discretion." Id. at 287 (quoting Teleguz v.

---

[2] During their investigation following the murder, police found a .380 cartridge casing in Jones's bedroom.

Commonwealth, 273 Va. 458, 482 (2007)).  In determining the admissibility of evidence at a

sentencing hearing, "the circumstances of the individual case will dictate what evidence will be

necessary and relevant, and from what sources it may be drawn."  Beck v. Commonwealth, 253 Va.

373, 384 (1997).

## A.  Character Evidence

Code § 19.2-264.4(B) provides guidance concerning the evidence that may be considered by

the sentencing court:  "[e]vidence[,] which may be admissible, subject to the rules of evidence

governing admissibility, may include the circumstances surrounding the offense, the history and

background of the defendant, and any other facts in mitigation of the offense."[3]  "[D]iscretion is

vested in the trial court to determine, subject to the rules of evidence governing admissibility, the

evidence which may be adduced in mitigation of the offense."  Coppola v. Commonwealth, 220 Va.

243, 253 (1979).

Appellant argues that evidence of the victim's prior acts of violence was "relevant and

probative to [her] motive and circumstances surrounding the offense for which she was being

sentenced."  She asserts that the court abused its discretion in excluding the proffered evidence.

In general, "[e]vidence of a person's character or character trait is not admissible for the

purpose of proving action in conformity therewith on a particular occasion."  Va. R. Evid. 2:404(a).

However, an exception to this rule exists in a criminal trial; if "an accused adduces evidence that he

acted in self-defense, evidence of specific acts is admissible to show the character of the decedent

for turbulence and violence, even if the accused is unaware of such character."  Carter v.

Commonwealth, 293 Va. 537, 546 (2017) (quoting Barnes v. Commonwealth, 214 Va. 24, 25

---

[3] Code § 19.2-264.4 governs admissible evidence at sentencing proceedings in capital cases. The Supreme Court has held that courts may also consider these factors at sentencing in non-capital cases; courts "may be guided in the exercise of [their] discretion, subject to the rules of evidence governing admissibility, by the factors set forth" in the statute.  Commonwealth v. Shifflett, 257 Va. 34, 44 (1999).

(1973)). <u>See also</u> Va. R. Evid. 2:404(a)(2). "When admissible, such evidence bears upon the questions of who was the aggressor or what was the reasonable apprehension of the defendant for his safety." <u>McMinn v. Rounds</u>, 267 Va. 277, 281 (2004).

"Self-defense is an affirmative defense to a charge of murder, and in making such a plea, a 'defendant implicitly admits the killing was intentional and assumes the burden of introducing evidence of justification or excuse that raises a reasonable doubt in the minds of the jurors.'" <u>Jones v. Commonwealth</u>, 71 Va. App. 70, 86 (2019) (quoting <u>Commonwealth v. Sands</u>, 262 Va. 724, 729 (2001)). The Supreme Court has held that when evaluating the admissibility of prior acts of violence in the context of self-defense,

> the ultimate issue becomes whether such evidence of prior conduct was sufficiently connected in time and circumstances . . . as to be likely to characterize the victim's conduct toward the defendant. Or stated alternatively, the test is whether the evidence of prior character is "so distant in time as to be void of real probative value in showing present character."

<u>Carter</u>, 293 Va. at 546-47 (quoting <u>Barnes</u>, 214 Va. at 25) (citation omitted). <u>See also</u> <u>Avent v. Commonwealth</u>, 279 Va. 175, 206-07 (2010) (affirming the trial court's decision to exclude an allegation of violence ten years prior to crime).

Here, appellant waived the right to present a self-defense claim by entering a no contest plea. "When an accused enters a voluntary and intelligent plea . . . to an offense, he waives all defenses except those jurisdictional." <u>Savino v. Commonwealth</u>, 239 Va. 534, 538 (1990). <u>See</u> <u>Clauson v. Commonwealth</u>, 29 Va. App. 282, 290-94 (1999) (extending a defendant's waiver of all defenses upon a guilty plea to pleas of no contest). "[B]y entering a plea of *nolo contendere*, the defendant 'implies a confession . . . of the truth of the charge . . . [and] agrees that the court may consider him guilty' for the purpose of imposing judgment and sentence." <u>Commonwealth v. Jackson</u>, 255 Va. 552, 555 (1998) (quoting <u>Honaker v. Howe</u>, 60 Va. (19 Gratt.) 50, 53 (1869)).

- 6 -

Therefore, because appellant entered a no contest plea, the self-defense exception to Rule 2:404(a) is inapplicable in this case. Although appellant contends that "Virginia law favors the admission of evidence at a sentencing hearing," the Supreme Court has explicitly held that a court's discretionary power to admit evidence at sentencing is "subject to the rules of evidence governing admissibility." Shifflett, 257 Va. at 44. Further, while a court may permit a defendant to present evidence in mitigation of the offense, such evidence may only pertain to "extenuating circumstances tending to explain, but not excuse, the commission of [a] noncapital crime." Shifflett, 257 Va. at 44.

By pleading no contest to voluntary manslaughter, appellant did not challenge the Commonwealth's evidence that she unlawfully killed Jones "in the course of a sudden quarrel, or mutual combat, or upon a sudden provocation and without any previous grudge, and the killing [was] from the sudden heat of passion growing slowly out of the quarrel, or combat, or provocation." Wilkins v. Commonwealth, 176 Va. 580, 583 (1940) (quoting Brown v. Commonwealth, 138 Va. 807, 813 (1924)). She did not contest that she killed Jones intentionally, without malice. See Turner v. Commonwealth, 23 Va. App. 270, 274 (1996) ("Voluntary manslaughter is defined as an intentional killing committed while in the sudden heat of passion upon reasonable provocation.").

At sentencing, appellant sought to introduce character evidence about Jones to lend credibility to her version of events on the evening she shot him to death. She asserted that Jones's gun discharged during a struggle after he threatened her at gunpoint and that Jones's violent nature further supported that he was the initial aggressor. This version of events, if found credible at trial, would have excused her act of shooting Jones to death. See Bell v. Commonwealth, 66 Va. App. 479, 487 (2016) ("Justifiable homicide in self-defense occurs where a person, without any fault on his part in provoking or bringing on the difficulty, kills another under reasonable apprehension of

death or great bodily harm to himself." (quoting Bailey v. Commonwealth, 200 Va. 92, 96 (1958))).

Appellant sought to admit the evidence to excuse her criminal act, not to explain it.

Therefore, the court's finding that the character evidence was irrelevant to the issues at sentencing did not amount to an abuse of discretion because the court properly weighed and considered all relevant factors in making its determination. See Landrum v. Chippenham & Johnston-Willis Hosps., Inc., 282 Va. 346, 352 (2011) (finding that an abuse of discretion can occur "when a relevant factor that should have been given significant weight is not considered; when an irrelevant or improper factor is considered and given significant weight;" or when the court "commits a clear error of judgment" in weighing the factors (quoting Kern v. TXO Production Corp., 738 F.2d 968, 970 (8th Cir. 1984))).[4]

Appellant also contends that Jones's history of violence was admissible as rebuttal evidence to the victim impact statement from Jones's wife. Code § 19.2-299.1 allows a family member to present evidence at sentencing concerning the psychological and emotional effects resulting from the victim's death, as well as "any change to the [family member's] personal welfare, lifestyle or familial relationships as a result of the offense." See also Johnson v. Commonwealth, 259 Va. 654, 682 (2000) (finding that evidence of the impact of a victim's murder on her mother and son was admissible at sentencing).

In her victim impact statement, Jones's wife referred to him as a "very loving person" and described the grief she endured as a result of his death and her difficulty in explaining his absence to her young grandson. Appellant asserts that because Jones's wife described him as a "very loving person," she commented on Jones's general character and thereby put his reputation at issue.

---

[4] We limit our holding to the facts of this case and to our determination that following a plea of no contest, evidence of the victim's character admitted to support a claim of self-defense is not relevant to issues at sentencing. We do not address the admissibility of character evidence under other circumstances.

However, the statement merely referred to Mrs. Jones's personal relationship with her husband, and the bond that his family shared with him. The statement did not reference Jones's reputation in the community. Therefore, the court did not abuse its discretion in finding that the victim impact statement did not place Jones's character at issue, and the court properly excluded the character evidence that appellant sought to introduce.

### B. Hearsay Evidence

Appellant asserts that the court erred by excluding the hearsay statement made to Detective Mansfield that Jones owned a .380 caliber firearm. Hearsay testimony may be admissible in a sentencing hearing if it has "some indicia of reliability." Alger v. Commonwealth, 19 Va. App. 252, 258 (1994). However, a sentencing judge "exercise[s] . . . wide discretion in the sources and types of evidence" to be admitted at the hearing. Smith v. Commonwealth, 52 Va. App. 26, 31 (2008) (quoting McClain v. Commonwealth, 189 Va. 847, 859-60 (1949)).

We find that any error in excluding the hearsay testimony was harmless. Appellant testified at the sentencing hearing that she shot Jones with his own weapon. Her testimony was not disputed by the Commonwealth, nor did the Commonwealth assert that the weapon belonged to appellant during its proffer at the plea hearing. The court extensively articulated the basis for the sentence it imposed; in doing so, it did not allude either directly or indirectly to ownership of the gun. Non-constitutional error is harmless "[w]hen it plainly appears from the record and the evidence given at the trial that the parties have had a fair trial on the merits and substantial justice has been reached." Code § 8.01-678. As ownership of the gun was not at issue in the case, we are able to "say with fair assurance . . . that the judgment was not substantially swayed by the error." Clay v. Commonwealth, 262 Va. 253, 260 (2001) (quoting Kotteakos v. United States, 328 U.S. 750, 764-65 (1946)). Accordingly, any error in failing to admit the hearsay testimony was harmless.

CONCLUSION

For the reasons stated above we hold that the court did not abuse its discretion in excluding evidence offered by appellant to show Jones's character and that any error in failing to consider the hearsay statement made to Detective Mansfield was harmless. We therefore affirm appellant's conviction for voluntary manslaughter and remand the case for the limited purpose of correcting the clerical error in the conviction and sentencing orders.

Affirmed and remanded.